## CASEY *v.* ADAMS.

Actions, local in their nature, may be maintained in the proper State court
against a national banking association in a county or a city other than that
where it is established.

ERROR to the Supreme Court of the State of Louisiana.

This was a proceeding instituted in the Fifteenth Judicial
District Court, parish of La Fourche, Louisiana, by Adams &
Co., against sundry parties, among whom was Nicholas W.
Casey, receiver of the New Orleans Banking Association, which
was organized under the act of Congress and established at
New Orleans.

It appears that, by virtue of executory process issued out of
that court, a certain parcel of land in the parish, whereon
Adams & Co. held a mortgage, was sold, they becoming the
purchasers for less than their debt. "The sheriff refused to
complete the adjudication" unless they paid certain mortgage
claims of the banking association and other creditors. Adams

& Co. then obtained a rule against the creditors, the sheriff and the recorder to show cause why the mortgages appearing in the names of the creditors should not be cancelled and erased, and upon the sheriff further to show cause why he should not " complete the adjudication " and put the purchasers in possession.

Casey alone appeared. He pleaded to the jurisdiction upon the ground that a national bank cannot be sued in a State court, except in the county or parish in which it is located, and that its rights cannot be determined on a rule to show cause.

The court made the rule absolute, and the Supreme Court, on appeal, affirmed the judgment. Casey thereupon removed the case here.

*Mr. Charles Case, Mr. John D. Rouse,* and *Mr. William Grant* for the plaintiff in error.

*Mr. Thomas J. Durant* and *Mr. Charles W. Hornor, contra.*

Mr. Chief Justice Waite delivered the opinion of the court.

The Federal question in this case is whether a national bank can be sued in a State court in a local action in any other county or city than that where the bank is located. By sect. 5198, Rev. Stat., it is provided that " suits, actions, and proceedings against any association under this title [The National Banks] may be had in any circuit, district, or territorial court of the United States held within the district in which such association may be established, or in any State, county, or municipal court in the county or city in which said association is located, having jurisdiction in similar cases." This, we think, relates to transitory actions only, and not to such actions as are by law local in their character. Sect. 5136 subjects the banks to suits at law or in equity as fully as natural persons, and we see nowhere in the Banking Act any evidence of an intention on the part of Congress to exempt banks from the ordinary rules of law affecting the locality of actions founded on local things. The distinction between local and transitory actions is as old as actions themselves, and no one has ever supposed that laws which prescribed generally where one

should be sued, included such suits as were local in their character, either by statute or the common law, unless it was expressly so declared. Local actions are in the nature of suits *in rem*, and are to be prosecuted where the thing on which they are founded is situated. To give the act of Congress the construction now contended for would be in effect to declare that a national bank could not be sued at all in a local action where the thing about which the suit was brought was not in the judicial district of the United States within which the bank was located. Such a result could never have been contemplated by Congress.

The proceeding in this case was clearly local in its nature. It related to property in the parish of La Fourche, which had been seized and sold under process from the District Court of that parish. The proceeds of the sale were in that court, and could not be distributed until "a conflict of privileges" arising between creditors was settled. No personal claim was made against the bank. Nothing was wanted except to "class the privilege" of the bank on the property seized "according to its rank." Whether, under the laws of Louisiana, the form of proceeding instituted for that purpose was appropriate, is not a question for us. The decision of the Supreme Court of the State as to that matter is conclusive.

*Judgment affirmed.*