**Lino HINOJOSA et al., Appellants,**

v.

**Medardo HINOJOSA et al., Appellees.**

No. 13054.

Court of Civil Appeals of Texas.

San Antonio.

Oct. 17, 1956.

Ewers, Cox & Toothaker, Chas. Elick, McAllen, for appellants.

L. Hamilton Lowe, Austin, A. J. Vale, Rio Grande City, for appellees.

POPE, Justice.

This is an appeal from an order which sustained defendants' plea of privilege and ordered the case transferred from Starr County to Jim Hogg County, under Section 14 of Art. 1995, Vernon's Ann.Civ.Stats. Defendants live in Starr County but the land in question is located in Jim Hogg County. The controlling point in the case is whether the action is one for fraud, under Section 7, or one for the recovery of lands, the removal of incumbrances from title and to quiet title, under Section 14 of the venue statute. Another point is whether the plea of privilege was formally sufficient. We affirm the judgment.

Plaintiff, a feme sole, alleged that she and defendants reside in Starr County, where she filed suit; that during 1953 she was seriously ill; that she can not understand, read or write English; that defendants fraudulently induced her on December 21, 1953, to execute a series of instru-

ments, and that she believed she was signing a will rather than deeds to her extensive property holdings. Defendants were plaintiff's brothers and sisters. When she learned the true nature of the instruments, plaintiff asserts she filed this suit and asked for a cancellation of the deeds, the removal of the cloud on her title, and for general relief.

■ The trial court properly transferred the case to Jim Hogg County, where the land lies. This Court in Galindo v. Garcia, 222 S.W.2d 477, 480, stated that "a suit by a grantor in a deed or those holding under him, seeking to set aside and cancel a deed, is properly regarded as a suit to remove an incumbrance or cloud upon the title to land and is within the purview of exception No. 14 of Article 1995. Said exception No. 14, because of its mandatory and exclusive wording, controls the venue of this case." Texan Development Co. v. Hodges, Tex.Civ.App., 237 S.W.2d 436; Lott v. Fields, Tex.Civ.App., 236 S.W.2d 878; Jones v. Ford, Tex.Civ.App., 118 S.W.2d 333.

■ In making their plea of privilege, defendants did not assert some of the matters which Rule 86, Texas Rules of Civil Procedure, states shall be recited. The suit was filed in Starr County and that was defendants' residence. They could not, therefore, swear, in the words of Rule 86, that they "[were] not, at the institution of such suit, nor at the time of the service of process therein, nor at the time of filing such plea, a resident of the county in which suit was instituted". Ordinarily the reason a defendant files his plea of privilege is to be sued in the county of his residence, which is elsewhere from the place suit was filed. It is apparent that Section 14, which fixes the venue in the county where the land is located, does not fit the requirements of Rule 86. Yet Section 14 is a mandatory venue provision, and in our opinion defendants correctly swore to all those facts under Section 14, which entitled them to a change of venue to Jim

Hogg County, where the land is situated. Lewis v. Gulf C. & S. F. Ry. Co., Tex. Civ.App., 229 S.W.2d 395; South Texas Development Co. v. Williams, 130 Tex. 217, 107 S.W.2d 378; Clark, Venue in Civil Actions, p. 216.

The judgment is affirmed.