**TUSCARORA NATION OF INDIANS,**
also known as Tuscarora Indian
Nation, Plaintiff,

v.

**POWER AUTHORITY OF The STATE
OF NEW YORK, Robert Moses, and
Superintendent of Public Works of The
State of New York, John W. Johnson,
Defendants.**

United States District Court
S. D. New York.

May 8, 1958.

Strasser, Spiegelberg, Fried & Frank, New York City, for plaintiff, George A. Spiegelberg, New York City, of counsel.

Thomas F. Moore, Jr., New York City, for defendants, Power Authority of the State of New York and Robert Moses, Samuel I. Rosenman, New York City, John R. Davison, Albany, N. Y., Harold Levy, New York City, of counsel.

Louis J. Lefkowitz, Atty. Gen., of the State of New York for defendant John W. Johnson, Superintendent of Public Works of the State of New York, Paxton Blair, Solicitor Gen., Albany, N. Y., Julius L. Sackman, Associate Atty., Albany, N. Y., of counsel.

SUGARMAN, District Judge.

On April 19, 1958, the plaintiff filed a complaint in this court for a "declaration of rights and other legal relations including a declaratory judgment or decree herein, an order for permanent and temporary injunctive relief, and such further relief as may be necessary or proper." The complaint claims jurisdiction predicated upon a matter in controversy arising under the Constitution, laws or treaties of the United States.[1]

It alleges in essence that the State of New York, pursuant to a state statute,[2]

---

1. 28 U.S.C.A. § 1331.

2. Highway Law of the State of New York, § 30, as made applicable by the

Public Authorities' Law of the State of New York, § 1007(10), as amended by L.1958, Ch. 646 (N.Y.).

has appropriated lands of the plaintiff in Niagara County, New York State, which are part of the Tuscarora Indian Reservation. The complaint seeks, *inter alia,* a decree declaring the plaintiff's "rights and status, and more particularly adjudicating that neither the defendants nor any of them had or has the right, authority or power, to acquire or to attempt to acquire by appropriation or otherwise all or any of the lands belonging to the plaintiff within the Tuscarora Reservation"; that a preliminary injunction, a temporary restraining order and a permanent injunction issue "restraining and enjoining defendants \* \* \* from entering upon, or taking any actions with regard to any appropriation of, land belonging to the plaintiff within the Tuscarora Reservation" and "that this Court set aside, vacate and annul all descriptions, maps, notices, and other instruments in connection with the purported appropriation."

The plaintiff, on April 19, 1958 simultaneously with the filing of its complaint, moved for a preliminary injunction restraining the defendants "from taking any actions to acquire by appropriation any lands belonging to the plaintiff herein." That application was brought on by show cause order which stayed the defendants, pending the hearing of the motion, "from taking any action to acquire by appropriation any land belonging to the plaintiff herein, or to enter upon said land." The plaintiff's motion for preliminary injunction was met by the defendants Power Authority and Moses by a motion filed April 23, 1958

a) to dissolve or modify the temporary restraining order aforesaid;

b) to require the giving of security by the plaintiff;

c) to set up a statutory court of three judges;

·d) to give precedence to the hearing of the application for an injunction; and

e) for summary judgment.

The said defendants Power Authority and Moses simultaneously with the filing of their cross-motion on April 23, 1958, filed an answer denying the allegations of the complaint and praying for its dismissal.

On April 30, 1958 upon application of the plaintiff and after hearing all parties, the temporary restraint originally granted in the plaintiff's show cause order on April 19, 1958, was extended except that the defendants were permitted to enter upon the land in question for the purpose of making surveys, maps, examinations, borings and other similar tests. The temporary restraint was enlarged by restraining the plaintiff from interfering with the said permitted activities by defendants.

On May 5, 1958 defendants Power Authority and Moses amended their answer by pleading special defenses not contained in their original answer, one of which challenges venue in this district.

By motions returnable May 6, 1958 all defendants move for transfer of this cause to the Western District of New York. The defendant Johnson, who as yet has not answered, and the defendants Power Authority and Moses who have filed an amended answer as aforesaid, base their motions upon 28 U.S.C.A. § 1392(b) and § 1406(a). Defendants Power Authority and Moses further base their motion for transfer upon 28 U.S.C.A. § 1404(a).

The defendants have timely and properly raised the question of venue. Johnson did so by motion before answer.[3] Power Authority and Moses did so by motion before amended answer prior to any action (except the extension of the temporary restraint at plaintiff's request) having been taken by the court on plaintiff's motion for preliminary injunction and said defendants' cross-motion for the relief indicated above.[4]

"When the suit is of a local nature and involves reaching real estate or

---

3. F.R.Civ.P. 12(b) (3) and 12(h), 28 U.S.C.A.

4. MacNeil v. Whittemore, 2 Cir., 1958, 254 F.2d 820.

**704**

property of a fixed nature or character, it must be brought in the district in which such property is situated." [5]

"Local actions * * * are to be prosecuted where the thing on which they are founded is situated."[6]

That this suit is one of a local nature appears beyond dispute.[7] In the case at bar, *title* to the appropriated portion of plaintiff's Indian Reservation in Niagara County in the Western District of New York is at issue and "it is perfectly plain that the venue is there, and not here."[8]

The plaintiff's strong reliance upon Philadelphia Co. v. Stimson, 1912, 223 U.S. 605, 32 S.Ct. 340, 56 L.Ed. 570 is misplaced. It is clear that that case did not involve any question of title to, or possession of, land. The Supreme Court carefully pointed out at page 622, of 223 U.S., at page 345 of 32 S.Ct., in dealing with the question of venue, that the suit

"was not to determine a controversy as between conflicting claimants under the local law. It was not to restrain trespass * * * it was not brought to try the naked question of the *title to the land.*" (Emphasis supplied.)

"The district court of a district in which is filed a case laying venue in the wrong * * * district shall * * * if it be in the interest of justice, transfer such case to any district * * * in which it could have been brought." [9]

The defendants' motions to transfer this cause to the Western District of New York under 28 U.S.C.A. §§ 1392(b) and 1406(a) are granted and it is so ordered.

In view of the foregoing, it is unnecessary to pass upon the motion by defendants Power Authority and Moses to transfer under 28 U.S.C.A. § 1404(a).

Let the clerk of this court proceed accordingly forthwith.

---

5. Matarazzo v. Hustis, D.C.N.D.N.Y.1919, 256 F. 882, 886.

6. Casey v. Adams, 102 U.S. 66, 68, 26 L. Ed. 52.

7. Livingston v. Jefferson, C.C.Va.1811, Fed.Cas.No.8,411.

8. Eddington v. Texas & New Orleans R. Co., D.C.S.D.Tex.1949, 83 F.Supp. 230, and many cases there cited.

