**LONE STAR PRODUCING COMPANY
et al., Appellants,**

**v.**

**Jimmy BIRD et al., Appellees.**

**No. 225.**

Court of Civil Appeals of Texas.

Tyler.

July 21, 1966.

Rehearing Denied Sept. 22, 1966.

Shank, Irwin & Conant, Ivan Irwin, Jr., and Ralph B. Shank, Dallas, for appellant Caroline Hunt Trust Estate.

Jackson, Walker, Winstead, Cantwell & Miller, Conan Cantwell and D. L. Case, Dallas, for appellants Lone Star Producing Co. and others.

Stayton & Black, John W. Stayton, Austin, Swaim & Swaim, E. H. Swaim, Eden, B. R. Reeves, John B. McDonald, Palestine, for appellees.

MOORE, Justice.

This is a venue case. Appellees, Jimmy Bird, Mary K. Beach and Emsy Lorinne Lang, instituted this suit in the 87th Judicial District Court of Anderson County, Texas, against a number of defendants, including the appellants, Lone Star Producing Company, Caroline Hunt Trust Estate and Edmund C. McCallum, residents of Dallas County, Texas, and Republic National Bank, also a resident of Dallas County, Texas. Appellees sought to cancel certain written instruments describing certain tracts of land in Anderson County, Texas, on the ground of the alleged mental incapacity of Cora E. Strong, deceased, from whom appellees derive their claims. Appellees alleged that they were heirs at law of Cora E. Strong, deceased; that she executed a will in which they were disinherited and left nothing; that subsequent thereto, judgment was entered in the District Court of Anderson County, setting aside said will because of a lack of testamentary capacity of the testatrix; and that in the judgment setting aside said will, it was decreed that appellees, "Jimmy Bird and Mary K. Beach are each entitled to an undivided 1/16th interest in the estate of Cora E. Strong," and that appellee "Emsy Lorinne Lang is entitled to an undivided 1/8th interest therein." Appellees further alleged that prior to her death, Cora E. Strong executed certain oil and gas leases and other instruments upon certain described tracts of land situated in Anderson County and that they were "entitled to have

such instruments cancelled and held for naught insofar as they may purport to affect any of the interest of the appellees in the described real property owned by Cora E. Strong at the time of her death." The prayer was for cancellation of each of the written instruments, insofar as they purportedly affected the interest of the appellees in the described real property owned by Cora E. Strong at the time of her death; for an accounting of any oil, gas or other minerals which had been produced from the lands and for damages and general relief.

The appellants timely filed their respective Pleas of Privilege to be sued in Dallas County, Texas. Appellees replied with a Controverting Plea alleging that venue was properly laid in Anderson County, Texas, under Subsection 14 of Article 1995, Vernon's Ann.Tex.Civ.St.

The venue hearing was held before the court without a jury, and resulted in an order overruling appellants' Pleas of Privilege. Appellants, Lone Star Producing Company, Caroline Hunt Trust Estate and Edmund C. McCallum, have perfected their appeal from the order overruling their Plea of Privilege asserting that the cause of action pleaded by appellees was not one for the recovery of lands, but instead was a proceeding in equity to cancel the written instruments and therefore did not fall within Subsection 14 of Article 1995, supra. Republic National Bank joins in this contention and in addition, further asserts that insofar as the Bank is concerned, this suit is not one which could be properly maintained against it in Anderson County, Texas, because of the provisions of U.S.Rev. Stat., 5198, (1878) 12 U.S.C.A. § 94, providing that:

"Action and proceedings against any association under this chapter may be had in any district or Territorial court of the United States held within the district in which such association may be established, or in any State, county, or municipal court in the county or city in which said

association is located having jurisdiction in similar cases."

It was stipulated at the venue hearing that the written instruments which appellees seek to cancel described tracts of land situated in Anderson County, Texas. Consequently, the only remaining venue fact is the "nature" of appellees' suit as determined by the allegations of the petition. The primary inquiry thus becomes a question of whether the cause of action brought by the heirs of the grantor, seeking to cancel a written instrument conveying title to land solely on the ground of alleged insanity of a grantor not previously adjudged insane, is an action for the recovery of land and falls within Subsection 14, supra, or whether such is a mere equitable right transitory in nature and subject to transfer to the residence of appellants.

Article 1995, supra, provides that no person shall be sued out of the county of his domicile unless the suit falls under one of the enumerated exceptions, one of which is Subsection 14 thereof which reads as follows:

"14. Lands.—Suits for the recovery of land or damages thereto, or to remove incumbrances upon the title to land, or to quiet the title to land, or to prevent or stay waste on lands, must be brought in the county in which the land, or a part thereof, may lie."

■ According to the well settled rule, the nature of appellees' claim for the purpose of establishing venue is to be determined by an examination of the pleadings. Cox v. Palacios, (Tex.Civ.App.) 188 S.W. 2d 688; Butler v. Lopez, (Tex.Civ.App.) 367 S.W.2d 868, err. dism.

Appellants insist that appellees' suit does not meet the requirements of Subsection 14 for two reasons. First, they contend that since the written instruments involving the land are only voidable, and not void, appellees had no present vested property right in the land, thus suit is not for the recovery of a property right and therefore does not fall within Subsection 14. Secondly, they contend that appellees' pleadings do not assert a claim of ownership in the property and therefore since they lay no claim to title, their suit amounts to no more than an equitable right or mere cause of action to set aside the voidable instruments, which cannot ripen into an interest in the land until a judgment has been obtained cancelling such instruments. They therefore conclude that the suit cannot be construed as one for the recovery of land or to remove an incumbrance or cloud on their title. We are not in accord with this contention.

■ We think the trial court properly construed appellees' suit to be one which directly involves title to land situated in Anderson County, Texas. As we interpret appellees' pleadings, the real and ultimate purpose of the suit was for the recovery of the land. Our summary of appellees' pleadings and prayer, which we have set out above, is sufficient, we think, to demonstrate this fact. They assert present ownership, inferentially at least, by alleging that at the time Cora E. Strong executed the instruments affecting title, she lacked mental capacity; that they were heirs of the grantor and that she died intestate. It is apparent to us that the real purpose of the suit was to remove the legal impediment upon lands claimed by them as a result of their heirship, as well as for compensation for damages thereto by reason of the extraction of any oil therefrom by appellants, and that the action to cancel the deed was a mere incident to the main purpose of the suit. Norvell v. Stovall, (Tex.Civ.App.) 95 S.W.2d 1313.

Thus, if upon a final hearing appellees are successful in proving the allegations of their petition and show that they are heirs of Cora E. Strong; that she died intestate, as alleged; and further show that at the time she executed the instruments in question she was of unsound mind, the proper decree would be one cancelling the instruments. As a result, appellees' title

to the land, as heirs of Cora E. Strong, would be cleared of the incumbrance or cloud cast upon it by the void instruments. Jones v. Ford, (Tex.Civ.App.) 118 S.W.2d 333; Galindo v. Garcia, (Tex.Civ.App.) 222 S.W.2d 477; Hinojosa v. Hinojosa, (Tex.Civ.App.) 294 S.W.2d 910.

 As said by our Supreme Court in the early case of Thomson v. Locke, 66 Tex. 383, 1 S.W. 112, 114, with reference to Subsection 14, "The evident intention was to provide the venue in all actions in which the title to land was in controversy."

According to more recent authority in venue cases, the rule is that if the suit is founded upon any equitable title or right and requiring for its effectuation the removal of a legal impediment to the plaintiffs' land, it is governed by Subsection 14 of the venue statute and must be brought in the county where the land is situated. McDonald, Texas Civil Practice Vol. 1, (1965) Sec. 4.22.5, page 495, citing cases.

Upon the basis of the above cited authorities, we hold that a suit by a grantor or those holding under him seeking to set aside and cancel an instrument conveying an interest in the title to land because of a lack of mental capacity, is properly regarded as a suit to remove an incumbrance or cloud upon the title to land and is within the purview of Subsection 14 of Article 1995.

If we are correct in this conclusion, then the provisions of the Federal statute urged by appellant, Republic National Bank, would not control.

The provisions of the statute relied upon by the bank was before the U. S. Supreme Court in Casey v. Adams, 102 U.S. 66, 26 L.Ed. 52. As we interpret the language of that opinion, the court there construed the statute to be applicable to transitory actions only and not to such actions as are by law local in their charac-

ter and in the nature of suits in rem. Since we have heretofore reached the conclusion that appellees' cause of action involves title to land lying in Anderson County, Texas, it is local in character and in the nature of a suit in rem, and therefore the statute relied upon by appellant, Republic National Bank, obviously has no application.

The order appealed from is affirmed.