**SHELL OIL COMPANY, Petitioner,**

v.

**George STANSBURY et ux., Respondents.**

**No. A–11477.**

Supreme Court of Texas.

Dec. 31, 1966.

Rehearing Denied Jan. 25, 1967.

Thomas A. Wheat, Liberty, R. H. Whilden and C. E. Nadeau, Houston, for petitioner.

Fred W. Moore, Houston, Chap B. Cain, Liberty, for respondents.

PER CURIAM.

George Stansbury and wife leased their lands to Shell Oil Company for oil, gas and other minerals. The lease expressly imposed a duty upon shell to drill an offset well in the event a draining well was located within a specified distance of the Stansbury property lines. Shell also owned an oil and gas lease upon adjacent lands leased by Bill Daniel. It drilled some producing wells upon the Daniel tract which substantially drained oil and gas from the Stansbury lands. The wells on the Daniel tract were located beyond the offset distance specified in the Stansbury lease. The Court of Civil Appeals correctly held that the express provision in the Stansbury lease which obligated Shell to drill an offset well if a draining well was within a specified distance from the Stansbury property line did not limit Shell's obligation to drill when Shell was the one causing the drainage to the Stansbury land. We approve the holding that Stansbury was entitled to recover damages from Shell upon proof that Shell caused substantial drainage of the lessor's lands, and that a reasonably prudent operator would have drilled a well on the Stansbury land to protect it from drainage. Hartman Ranch Co. v. Associated Oil Co., 10 Cal.2d 232, 73 P.2d 1163 (1937); Meyers and Williams, Implied Covenants in Oil and Gas Leases: Drainage Caused by the Lessee, 40 Texas L.Rev. 923, 939–940 (1962). We disapprove any language in the opinion of Hutchins v. Humble Oil & Refining Co., 161 S.W.2d 571 (Tex.Civ.App.1942, writ ref. w. o. m.) which conflicts with the principle that a lessee is under a duty to protect his lessor against depletion of the lessor's minerals by the affirmative act of the lessee upon adjacent land.

The application for writ of error is refused, no reversible error. Rule 483, Texas Rules of Civil Procedure.