**W. F. MARTIN, Appellant,**

v.

**PAN AMERICAN PETROLEUM CORPORATION et al., Appellees.**

**No. 4337.**

Court of Civil Appeals of Texas, Eastland.

Nov. 21, 1969.

Rehearing Denied Jan. 30, 1970.

Stanley P. Wilson, McMahon, Smart, Sprain, Wilson & Camp, Abilene, for appellant.

Evans, Pharr, Trout & Jones, Crenshaw, Dupree & Milam, Lubbock, Mays, Moore, Dickson & Roberts, Sweetwater, Coke & Coke, John H. Hall, Royal H. Brin, Jr., George C. Chapman, Thompson, Knight, Simmons & Bullion, Dallas, for appellees.

WALTER, Justice.

Our opinion dated October 10, 1969, is withdrawn and the following opinion is rendered in lieu thereof.

W. F. Martin filed suit in Stonewall County against J. Blair Cherry, Jr., executor of the estate of J. Blair Cherry, deceased, Helen G. Cherry, a feme sole,

First National Bank in Dallas, as trustee under the will of Alton W. Cherry, deceased, Pan American Petroleum Corporation and Texas-New Mexico Development Company, a partnership, with L. G. (Dusty) Rhodes, a member thereof, for damages to his ranch lands located in Stonewall and Fisher Counties.

The plea of privilege of Texas-New Mexico Development Company was sustained. The pleas of privilege of the other defendants were overruled. Martin appeals from the order sustaining the plea of Texas-New Mexico Development Company and J. Blair Cherry, Jr., as executor, and Helen G. Cherry and First National Bank, trustee, appeal from the order overruling their pleas.

The parties stipulated that the lands for which damages is sought are located partly in Stonewall and partly in Fisher County. Martin introduced his first amended original petition which shows the nature of his cause of action, a suit for damages to land, and rested.

It was stipulated that Blair Cherry, Jr., as executor, and First National Bank in Dallas, trustee, and Helen Cherry, own an oil and gas lease on Martin's land located in Fisher County and their operations have been conducted solely in Fisher County.

Martin relied on Exception 14 of Article 1995 to retain venue in Stonewall County. That portion of Subdivision 14 which is material here is as follows:

"Suits for the recovery of land or damages thereto—must be brought in the County in which the land or a part thereof may lie."

■ Martin had the burden of establishing the venue facts. They were that his suit was for damages to his land and that a part of the land lay in Stonewall County.

■ Based on the case of Mercantile National Bank at Dallas v. Langdeau, 371 U.S. 555, 83 S.Ct. 520, 9 L.Ed.2d 523, (1963) we hold that the court erred in overruling the plea of privilege of First National Bank in Dallas, Trustee.

■ J. Blair Cherry, Jr., as executor, in his plea requested the court to transfer the case to Lubbock County, the County of his residence. Mrs. Helen G. Cherry asserted her privilege to be sued in Dallas County, the County of her residence. They contend Martin failed to establish sufficient venue facts to maintain his cause of action against them in Stonewall County under Subdivision 14, in that, he failed to establish that his rights to damages in Stonewall were identical to his rights in Fisher County and that an adjudication in Stonewall County would determine his right to damages in Fisher County.

Subdivision 14 authorizes a suit for damages to land to be brought in the county where the land is located or in the county where a part of the land is located. In an opinion by the Commission of Appeals, adopted by the Supreme Court, Commissioner Brewster in Cowden v. Cowden, 143 Tex. 446, 186 S.W.2d 69 (1945) quoted with approval the following:

"Some complications have arisen over the provision as to part of the land, and the cases are not entirely clear as to the proper practice.

Where all the land is one tract through which a county line runs, and all the defendants are interested in or have possession of all the land, the case is simple. Venue may be laid in either county. Where all the land is one tract and it is divided by a county line, and the trespassers in the different counties are not the same persons, and have no connection with each other, it seems that the venue would be in either county. All such persons are proper parties in the one suit and may be joined."

The Martin ranch is one tract of land located in Fisher and Stonewall Counties

through which the county line runs. We find no merit in the Cherrys' points that the court erred in overruling their pleas because Martin failed to establish sufficient venue facts.

Martin contends the court erred in granting the plea of privilege of the appellee Texas-New Mexico Development Company under the holding of James v. Drye, 159 Tex. 321, 320 S.W.2d 319 (1959) Supreme Court.

In James v. Drye, 159 Tex. 321, 320 S.W. 2d 319 (1959), our Supreme Court said:

"This writ of error was granted because the holding of the Court of Civil Appeals that the suit was a suit for 'the recovery of lands' or 'damages to land' under Section 14 of Article 1995, Revised Civil Statutes, Vernon's Ann.Civ.St. art. 1995 § 14, is in conflict with the holding of the Court of Civil Appeals in the following cases: Smith v. Rampy, Tex.Civ.App. Amarillo, 1946, 198 S.W.2d 592; Morris Plan Bank of Fort Worth v. Ogden, Tex. Civ.App. Ft. Worth, 1940, 1944 S.W.2d 998, and other similar cases. We approve the holding of the earlier cases that suits against former owners of land who have parted with all title prior to the filing of suit are not suits for 'the recovery of lands', or 'damages to land' within the meaning of Section 14, Article 1995, Revised Civil Statutes, 1925."

The record conclusively shows that Texas-New Mexico had parted with all title to the land prior to the time Martin filed suit for damages. Based on the case of James v. Drye, 159 Tex. 321, 320 S.W.2d 319, we hold the court correctly sustained the plea of privilege of Texas-New Mexico Development Company and such judgment is affirmed.

The judgment in so far as it overruled the plea of privilege of First National Bank in Dallas is reversed and the cause of action asserted against it is severed from Martin's cause of action against the other parties and ordered transferred to Dallas County.

We have considered all of the Cherrys' points and find no merit in them. The judgment overruling their pleas is affirmed.