**The FORT WORTH NATIONAL BANK, Appellant,**

**v.**

**Joe BALLANFONTE et al., Appellees.**

**No. 486.**

Court of Civil Appeals of Texas,
Houston (14th Dist.).

May 19, 1971.

Rehearing Denied June 9, 1971.

R. F. Snakard, Samuel A. Denny, Stone, Tilley, Parker, Snakard, Law & Brown, Fort Worth, for appellant.

Philip F. Patman, Elmer F. Patman, Patman & Patman, Austin, for appellees.

TUNKS, Chief Justice.

This case involves a dispute as to the oil and gas leasehold interest in a tract of land in Colorado County. Fort Worth National Bank became the holder of such lease and for a while produced oil and gas under it. The bank's lease provides that, after production began, it should remain in force so long as production continued. Joe Ballanfonte claims under a lease contract covering the same land and providing that it shall become effective when the lease of which the bank is lessee shall expire or terminate. Ballanfonte filed suit in the district court of Colorado County against the bank and others alleging that the bank had stopped producing oil and gas from its lease in paying quantities so that its lease had terminated and his lease thereby became effective. He asked an adjudication removing from his leasehold claim the cloud cast by the lease under which the bank claimed. By amended petition Carl Grimes and A. J. Thompson, as owners of the executive rights to the minerals in the land covered by the leases, joined as plaintiffs alleging that oil and gas had been produced from the property by the bank after its lease had terminated and asked for an accounting as to such unlawful production.

Fort Worth National Bank is a national banking association with its domicile in

Tarrant County, Texas. It filed a plea of privilege. In this plea the bank alleged that under Title 12, U.S.C., Sec. 94, there was a requirement that it, a national banking association, be sued in Tarrant County, the county in which it was established. In their controverting affidavit the plaintiffs alleged that their suit was properly maintained in Colorado County under the provisions of Subdivision 14 of Art. 1995, V.A.T.S. They alleged that Title 12, U.S.C., Sec. 94, was not applicable since this suit is local in character rather than transitory. The trial court overruled the bank's plea of privilege and the bank has appealed.

The appellant's first point of error is based upon the proposition that subdivision 14 of Art. 1995, is not applicable because it, the appellant, had divested itself of all interest in the lease in question before this suit was filed.

The trial court's order overruling the bank's plea of privilege recites that evidence was heard. There is nothing in this record that constitutes a proper statement of facts. What is designated the statement of facts is, in fact, merely the court reporter's notes concerning a hearing "whereupon the following stipulation was had." There then follows a dialogue in the following language:

Mr. Denny: "Your Honor, could I ask one more question?"

The Court: "Yes, sir."

Mr. Denny: "On my plea of privilege, I know in the last hearing, at least I just asked Mr. Patman—The conveyance from Unit to—Fort Worth National Bank to Unit is not of record—"

Mr. Philip Patman: "Can I say I didn't know."

Mr. Denny: "The county clerk's office is closed; but, could I get a stipulation that that can go in as an exhibit so we will have that of record?"

Mr. Patman: "Sure, we will be—"

Mr. Denny: "I would like a stipulation that the conveyance from Fort Worth National Bank to Unit is of record and stays as an exhibit, because if I have to appeal my plea of privilege, I want it as a part of the record. Is that agreeable?"

Mr. Patman: "All right."

The attorneys then signed an agreement that such dialogue recited a "full, true, and correct stipulation had. * * *" Attached to the so-called statement of facts is an instrument dated October 1, 1969, by which Fort Worth National Bank assigned to Unit Petroleum Corporation, one of the other defendants, all of its interest in the lease in question. There is no indication that such assignment was offered in evidence or exhibited to the court. There is no showing as to what evidence was heard at the "last hearing." The other questions and answers thereto of which the beginning of the dialogue was "one more question" are not shown. If the so-called statement of facts is such at all, it certainly is not a complete statement. There were no findings of fact nor conclusions of law by the trial court.

■ Plaintiff's petition stated a cause of action falling within the provisions of subdivision 14 of the venue statute. Their controverting affidavit pleaded the exception provided by such subdivision. In the absence of a complete statement of facts or findings of fact or conclusions of law it must be presumed that the evidence heard by the trial court established the necessary venue facts, including the fact that the bank was asserting a claim to the lease in question, as a basis for the order overruling the plea of privilege. Carter v. Servis Equipment Co., Tex.Civ.App., 378 S.W.2d 894, dismd.; Huckman v. Campbell, 255 S.W.2d 591, no writ hist.

■■ The trial court's order overruling the bank's plea of privilege recites that it was rendered on November 2, 1970 and signed on December 28, 1970. The record on appeal was filed January 15, 1971. On

April 7, 1971 the appellant bank filed a supplemental transcript showing that on March 18, 1971 it had filed a disclaimer in the trial court by which it disclaimed any interest in the lease in question. Had such disclaimer been filed before the bank's plea of privilege was heard, the trial court would have been obliged to grant that plea. A suit against a former owner of land who has parted with title thereto is not a suit for the recovery of land or for damages to land within the meaning of subdivision 14 of the venue statute. James v. Drye, 159 Tex. 321, 320 S.W.2d 319. However, the bank's belated filing of its disclaimer does not retroactively render erroneous the trial court's earlier order overruling its plea of privilege. The disclaimer also does not render the case moot because it does not dispose of the plaintiff's suit for an accounting as to the oil and gas allegedly removed after the termination of the bank's lease.

Appellant's first point of error is overruled.

■ Appellant's second point of error is in the following language:

"The Court erred in overruling the Plea of Privilege of The Fort Worth National Bank since under the provisions of 12 U.S.C.A. Sec. 94, venue in a case against a national bank is in the county of its residence."

Title 12, U.S.C., Sec. 94, provides as follows:

"Actions and proceedings against any association under this chapter may be had in any district or Territorial court of the United States held within the district in which such association may be established, or in any State, county, or municipal court in the county or city in which said association is located having jurisdiction in similar cases."

The principal authority upon which the appellant relies in support of its second point, is Mercantile National Bank at Dallas v. Langdeau, 371 U.S. 555, 83 S.Ct. 520, 9 L.Ed.2d 523. That case involved a suit by a receiver of an insurance company against two national banks and other defendants for damages resulting from an alleged conspiracy to defraud the insurance company. It was filed in Travis County under Article 21.28 of the Texas Insurance Code. The defendant banks were established in Dallas County. They filed pleas of privilege alleging the above quoted Title 12, U. S.C., Sec. 94. The trial court overruled their pleas of privilege. The Supreme Court of Texas affirmed that judgment of the trial court. Langdeau v. Mercantile National Bank at Dallas, 161 Tex. 349, 341 S.W.2d 161. The Supreme Court of the United States reversed, holding that the pleas of privilege should have been sustained. The cause of action asserted by the plaintiff in that case was transitory in character. The United States Supreme Court in its opinion at footnote 11 recognized, without disapproval, its earlier holding in Casey v. Adams, 102 U.S. 66, 26 L. Ed. 52, when it was held that an earlier statute in substantially the same terms as Title 12, U.S.C., Sec. 94, related to transitory actions but not to local in rem actions. This case as it was presented to the trial court at the hearing on appellant's plea of privilege included a suit to adjudicate rights and land located in Colorado County as to which the bank presumptively was asserting a conflicting claim. As such it was a local, in rem action as to which Title 12, U.S.C., Sec. 94, has no application under the holding of Casey v. Adams, supra. See Lone Star Producing Company v. Bird, Tex.Civ.App., 406 S.W.2d 344, dismd.

Appellant's second point of error is overruled.

The judgment of the trial court is affirmed.