Edwin L. COX, Appellant,

v.

W. F. MARTIN, Appellee.

No. 4548.

Court of Civil Appeals of Texas, Eastland.

Sept. 1, 1972.

Stubbeman, McRae, Sealy, Laughlin & Browder (W. B. Browder, Jr.), Midland, for appellant.

McMahon, Smart, Sprain, Wilson & Camp (Stanley P. Wilson), Abilene, for appellee.

McCLOUD, Chief Justice.

Appealed from the 39th Judicial District Court of Stonewall County.

This is a venue case. Plaintiff, W. F. Martin, filed suit in Stonewall County against defendant, Edwin L. Cox, and others not involved in this appeal, for damages to his ranch lands located in Stonewall and Fisher Counties. Cox filed a plea of privilege which was overruled and he has appealed.

Martin contends that venue is proper in Stonewall County under Subdivisions 9, 9a, and 14 of Article 1995, Vernon's Ann.Civ. St. We are of the opinion that the judgment should be affirmed under Subdivision 14.

Martin alleged that his land had been damaged because Cox and other oil and gas operators permitted salt water to flow under, over and upon the land. Cox argues that Subdivision 14 is not applicable because he no longer owned any interest in the land at the time suit was filed by Martin. He says his oil and gas lease had terminated before suit was filed because the well located on the lease had been plugged and abandoned.

Subdivision 14 reads as follows:

"Lands.—Suits for the recovery of lands or damages thereto, or to remove incumbrances upon the title to land, or to quiet the title to land, or to prevent or stay waste on lands, must be brought in the county in which the land, or a part thereof, may lie."

Cox relies upon James v. Drye, 159 Tex. 321, 320 S.W.2d 319 (1959) and Martin v. Pan American Petroleum Corporation, 449 S.W.2d 853 (Tex.Civ.App.–Eastland 1969, dism. w. o. j.). James v. Drye, supra, is distinguishable and we now think this Court, while deciding Martin v. Pan American Petroleum Corporation, supra, incorrectly applied the rule announced by our Supreme Court in James v. Drye, supra.

James v. Drye, supra, involved an action to quiet title, and it was conclusively established that the defendants, who filed pleas of privilege, had parted with their title and interest in the land before the suit was filed. The Court said:

"This writ of error was granted because the holding of the Court of Civil Appeals that the suit was a suit for 'the recovery of lands' or 'damages to land' under Section 14 of Article 1995, revised Civil Statutes, Vernon's Ann.Civ.St. art. 1995, § 14, is in conflict with the holding of the Courts of Civil Appeals in the following cases; Smith v. Rampy, Tex. Civ.App. Amarillo, 1946, 198 S.W.2d 592; Morris Plan Bank of Fort Worth v. Ogden, Tex.Civ.App. Ft. Worth, 1940, 144 S.W.2d 998, and other similar cases. We approve the holding of the earlier cases that suits against former owners of land who have parted with all title prior to the filing of suit are not suits for 'the recovery of lands', or 'damages to land' within the meaning of Section 14, Article 1995, Revised Civil Statutes, 1925."

The cases approved by the Supreme Court in James v. Drye, supra, held that in suits to quiet title, if it was established at the plea of privilege hearing that the defendant pleading his privilege had parted with all title to the land in question prior to the filing of the suit, Subdivision 14 was not applicable because plaintiff's right to the relief sought had become moot.

It should be noted that neither James v. Drye, supra; Smith v. Rampy, 198 S.W.2d 592 (Tex.Civ.App.-Amarillo 1946, no writ), nor Morris Plan Bank of Fort Worth v. Ogden, 144 S.W.2d 998 (Tex.Civ.App.-Ft. Worth 1940, no writ), involved actual physical damage to land. All three cases involved actions to quiet title. We do not think that the rule announced in James v. Drye, supra, is applicable when the suit involves physical damage to land. It has been frequently held that Subdivision 14 is applicable in suits involving physical damage to land and we think it is immaterial

whether the defendant owns, or has ever owned an interest in the land alleged to have been physically damaged by the defendant. See Piazza v. Phillips, 153 Tex. 115, 264 S.W.2d 428 (1954), land damaged by fire; Advanced Exploration Co., Inc. v. Spires, 256 S.W.2d 247 (Tex.Civ.App.-Eastland 1953, no writ), land damaged by explosion; Cox v. Chapa, 188 S.W.2d 217 (Tex.Civ.App.-San Antonio 1945, no writ), land damaged by crude oil and salt water; Hunt Oil Co. v. Murchison, 352 S.W.2d 365 (Tex.Civ.App.-Eastland 1961, no writ), land damaged by salt water.

It is undisputed that this suit is for damages to land and that a part of the land is located in Stonewall County. Martin proved the necessary venue facts. The judgment of the trial court is affirmed.