HOUSTON NATIONAL BANK et al., Appellants,

v.

Jeff FARRIS, et al., Appellees.

No. 5702.

Court of Civil Appeals of Texas, Waco.

March 10, 1977.

Rehearing Denied April 20, 1977.

Thomas H. Lee, Foreman, Dyess, Prewett, Rosenberg & Henderson, Houston, Fred M. Lange, Fulbright & Jaworski, Houston, for appellants.

W. R. Malone, Huntsville, for appellees.

## OPINION

McDONALD, Chief Justice.

This is an appeal by defendants Houston National Bank, and Bank of The Southwest National Association, from judgment overruling their pleas of privilege to be sued in Harris County.

Plaintiffs Jeff Farris and wife sued defendants alleging among other matters that defendants by a chain of mesne conveyances held certain oil and gas leasehold interests on plaintiffs' land in Madison County; that defendants drained plaintiffs' land of hydrocarbons from nearby wells from which plaintiffs received no royalties; and thereby breached an implied covenant to protect against drainage.

Defendants filed pleas of privilege to be sued in Harris County, the county of their residence.

Plaintiffs controverted asserting venue maintainable in Madison County under Subdivision 14, Article 1995 VATS.

Defendants appeal on one point: "The district court erred in overruling defendants' pleas of privilege".

Defendants assert this is not a Subdivision 14 (Article 1995) case; and further that the National Banks Act (12 U.S.C. Section 94) provides for exclusive venue of suits against National Banks in the county in which such bank is located.

Subdivision 14, Article 1995—provides: "Suits for the recovery of lands or damages thereto, * * * *, or to prevent or stay waste on lands, must be brought in the county in which the land, or a part thereof, may lie".

The nature of the suit is determined from the pleadings *Piazza v. Phillips*, 153 Tex. 115, 264 S.W.2d 428.

Plaintiffs' petition alleged among other matters that "their land has been substantially drained of oil and gas by the operations of Defendants themselves on premises adjacent and nearby to the Plaintiffs' lands", and "Defendants took no action whatsoever to protect the Plaintiffs' lands from such drainage, but instead actively undertook to drain the same, through wells from which the Plaintiffs were receiving no royalties, and were not entitled to receive royalties, adequate to compensate them for such drainage".

A lessee is under a duty to protect his lessor against depletion of the lessor's minerals by the affirmative act of the les-

**422**

see upon adjacent land. *Shell Oil Company v. Stansbury*, Tex., 410 S.W.2d 187; *Budde v. Navarro Oil Co.*, Tex.Civ.App., NWH, 125 S.W.2d 1055; *Elder v. Miller*, Tex.Civ.App., NWH, 116 S.W.2d 1171.

■ Plaintiffs' petition is a suit for damages to lands, and to prevent or stay waste on lands. The parties stipulated the land lay in Madison County.

Subdivision 14, Article 1995 requires venue in Madison County.

■ Section 94 12 U.S.C. has been construed, with two exceptions, to set the exclusive venue of cases against national banks in the county in which the bank is located. *Mercantile National Bank v. Langdeau*, 371 U.S. 555, 83 S.Ct. 520, 9 L.Ed.2d 523.

The exceptions are: 1) when a bank consents to be sued in a county other than the county of its location or otherwise waives its right to be sued there; 2) cases involving local, in rem actions, as opposed to transitory actions. *Casey v. Adams*, 102 U.S. 66, 26 L.Ed. 52.

■ The case at bar is a suit (among other matters) for damage to land, and to prevent waste to land, such lands being in Madison County. Such suit is an in rem action, local in nature, so that the provisions of Section 94 12 U.S.C. do not apply; and is an exception recognized by *Casey v. Adams*, supra. *Fort Worth National Bank v. Ballanfonte*, Tex.Civ.App., NWH, 469 S.W.2d 9; *Lone Star Producing Company v. Bird*, Tex.Civ.App., Er.Dism'd. 406 S.W.2d 344.

Defendants' point is overruled.

AFFIRMED