## Snyder v. Old Republic Life Insurance

*Robert N. Clarke*, for plaintiffs.

*John E. Baily, Richard C. Lane*, and *W. Bertram Waychoff*, for defendants.

TOOTHMAN, *P.J.*, August 12, 1977 — Plaintiffs, James R. Snyder and Merian P. Snyder, his wife, sued the three defendants, Old Republic Insurance Company, Rich's Mobile Homes, and

Pittsburgh National Bank, in a combination suit of assumpsit and trespass for damages as a result of the repossession and resale of a mobile home which they initially purchased from defendant, Rich's Mobile Homes. It was insured by Old Republic as to the life of the purchasers, and contained a clause providing liability for payments in case of disability, and was financed through Pittsburgh National Bank. The purchase was made November 24, 1967. Injuries causing total disability are alleged to have befallen plaintiff husband on February 27, 1968.

Defendant, Old Republic, denies any liability in its answer, and contends, in new matter, that the payments ceased January 6, 1969, while suit was not filed until November 7, 1975, thus being barred by the statute of limitations of six years. The Bank and Rich's both filed preliminary objections, alleging that repossession to have happened on or about May 29, 1969, and that the bar of the statute is applicable. Also, the Bank objects as to the venue of the suit and that the pleadings are not sufficiently specific.

We will deal with the questions in what are determined to be the order of their importance. The first being the question of whether the venue is properly laid in this court as to the Pittsburgh National Bank. There is no doubt that a national bank can be sued in a state court: Act of February 18, 1875, 18 Stat. 320, as amended, 12 U.S.C.A. §94; Casey v. Adams, 102 U.S. 66, 26 L. Ed. 52 (1880). Thus, venue is controlled by Pa.R.C.P. 1006 which provides:

"(a) Except as otherwise provided by subdivisions (b) and (c) of this rule, an action against an individual may be brought in and only in a county in which he may be served or in which the cause of

action arose or where the transaction or occurrence took place out of which the cause of action arose or in any other county authorized by law.

"(b) Actions against the following defendants, . . . corporations and similar entities, Rule 2179.

"(c) An action to enforce a joint or joint and several liability against two or more defendants . . . may be brought against all defendants in any county in which the venue may be laid against any of the defendants under the general rules of subdivisions (a) or (b). . . ."

Under Rule 2179, venue is authorized in "(4) a county where a transaction or occurrence took place out of which the cause of action arose." Accordingly, under the rules, this being the county where the transaction took place as evidenced by the finance statement filed herein, and also by reason of the multiple parties here involved, we are satisfied that venue is correctly laid in this county and this court.

On the question of the statute of limitations, defendants Rich's Mobile Homes and Pittsburgh National Bank both raised the issue by preliminary objections rather than by pleading it under new matter as they are required to do: Rule 1030. However, since plaintiff did not enter preliminary objections to the form in which the issue is raised, the error is deemed waived: Lawrence County Housing Authority v. Fireman's Fund Insurance Company, 40 D. & C. 2d 597 (1966). The issue then, as to all three defendants, must be considered now as properly raised, and viewing it in more substantive depth poses a serious threat to plaintiff's ability to sustain their suit. Whether it does or not, must necessarily await the trial to determine whether or

not the facts as contained in the pleadings are proven. For the court to now dismiss the suit on the answer, would be comparable to us entering judgment on plaintiffs' complaint.

We find no merit in the argument that the complaint is not specific in its terms. We read through it very clearly the basis on which the suit is drawn.

## ORDER

And now, August 12, 1977, the preliminary objections by all defendants are dismissed.