The **PEOPLES NATIONAL BANK OF TYLER, Texas, et al., Appellants,**

v.

**Louis V. CRANEK, Sr., et al., Appellees.**

**No. 16919.**

Court of Civil Appeals of Texas, Houston (1st Dist.).

Aug. 25, 1977.

Rehearing Denied Oct. 6, 1977.

Schleider & Ewing, Ben H. Schleider, Jr., Houston, for appellant Truxton Shaw.

Carter, Jones, Magee, Rudberg, Moss & Mayes, Joe Hill Jones, Dallas, for appellant Helen K. Phillips.

Johnson & Cravens, Hubert D. Johnson, H. Dee Johnson, Jr., Dallas, for appellants The Peoples National Bank of Tyler, Texas and certain others.

Scott & Douglass, Ivan D. Hafley, Austin, for appellees.

EVANS, Justice.

This is an appeal from an order of the trial court overruling the defendants' plea of privilege.

The plaintiffs, owners of an oil, gas and mineral lease in Colorado County, Texas, known as the Cranek lease, brought this suit against the owners of the Frederickson lease, which is adjacent to the Cranek lease, alleging that the defendants had illegally drained gas from the Cranek leasehold. In amended pleadings, the plaintiffs named additional party defendants and alleged that there was further controversy as to the parties' rights in the oil, gas and minerals underlying an adjacent tract of land known as the Drlik tract. The plaintiffs sought recovery for the alleged damage from the Cranek tract and a declaratory judgment upholding the validity of the plaintiffs' lease in the Drlik tract. All defendants save one, William J. Amis, filed pleas of privilege and have perfected this appeal from the court's order overruling such pleas.

■ The plaintiffs contend that the trial court properly maintained venue in Colorado County under Subdivision 14, Tex.Rev. Civ.Stat.Ann. art. 1995. Venue under this Subdivision depends upon the principal right asserted and the relief sought by the plaintiffs, a matter which may be determined by reference to the plaintiffs' petition. 1 McDonald, Texas Civil Practice § 4.22.2, p. 488. Where the allegations of the plaintiffs' petition show the suit to be one for the recovery of land or for damages thereto, and that the land is in the county of suit, Subdivision 14 is applicable. *Piazza v. Phillips*, 153 Tex. 115, 264 S.W.2d 428 (1954).

■ In the case at bar the plaintiffs alleged that the defendants' well on the adjacent Frederickson lease was illegally draining gas and condensate from the Cranek lease, and that by reason of such illegal drainage, the defendants were liable for the fair market value of the gas illegally produced and, alternatively, for the diminution of the fair market value of the Cranek lease. These allegations set forth a cause of action for damages to land, notwithstanding that the plaintiffs' sought, in the alternative, a measure of damages based upon the value of the gas produced. 1 McDonald, Texas Civil Practice § 4.55, p. 612.

■ The additional count in the plaintiffs' petition, seeking a declaratory judgment with respect to the parties' mineral rights in the Drlik tract, also alleged a cause of action to quiet title to land within the meaning of Subdivision 14. *Renwar Oil Corporation v. Lancaster*, 154 Tex. 311, 276 S.W.2d 774 (1955). The defendants contend, however, that the undisputed evidence shows, as a matter of law, that the title dispute was fraudulently alleged by the plaintiffs for the purpose of maintaining venue in Colorado County. The defendants argue that the plaintiffs knew or should have known that their lease on the Drlik tract was only effective upon termination of the defendants' lease and that the evidence shows, as a matter of law, that the defendants' lease had not terminated. In order to establish that the plaintiffs' allegations were fraudulently cast the defendants were required to prove that the plaintiffs did not have a valid lease on the Drlik tract, and that the plaintiffs knew or in the exercise of reasonable diligence should have known, at the time such allegations were presented, that the defendants' lease was valid and in force and effect. *Hagan v. Anderson*, 513 S.W.2d 818 (Tex.1974). The defendants failed to meet their burden before the trier of fact, and the evidence does not support their contention as a matter of law.

It is the further contention of the defendant The Peoples National Bank of Tyler, Texas that it was entitled to have venue transferred to Smith County under the provisions of the federal venue statute applicable to national banks. This statute, 12 U.S.C. § 94, provides:

"Actions and proceedings against any association under this chapter may be had in any district or Territorial court of the United States held within the district in which such association may be established, or in any State, county, or municipal court in the county or city in which said association is located having jurisdiction in similar cases. R.S. § 5198; Feb. 18, 1875, c. 80, § 1, 18 Stat. 320; Mar. 3, 1911, c. 231, § 291, 36 Stat. 1167."

■ The plaintiffs contend that venue was properly maintained in Colorado County under a recognized exception to the federal statute since their cause of action was local in nature, as distinguished from transitory. This exception was initially stated in *Casey v. Adams*, 102 U.S. 66, 26 L.Ed. 52 (1880). In Texas, the exception has been held applicable to actions for the recovery of land or for damages to land within the meaning of Subdivision 14, Article 1995. *Houston National Bank v. Farris*, 549 S.W.2d 420 (Tex.Civ.App.—Waco 1977, writ dism'd, w. o. j.); *Lone Star Producing Co. v. Bird*, 406 S.W.2d 344 (Tex.Civ.App.—Tyler 1966, writ dism'd); *Fort Worth National Bank v. Ballanfonte*, 469 S.W.2d 9 (Tex.Civ. App.—Houston [14th] 1971, no writ).

The Peoples National Bank of Tyler, Texas argues that the three Texas cases which applied the *Casey v. Adams* exception were erroneously decided, and that the exception should be limited to those instances where no court other than the court in which the action is pending has the jurisdictional authority to determine the controversy. It contends that all district courts in Texas have the jurisdictional power to hear and determine title matters pertaining to lands in any county within the state, and that an action for recovery of land is, therefore, not a "local" proceeding within the meaning of the exception to the federal statute. In

support of its position, The Peoples National Bank of Tyler, Texas cites, among other cases, *Mercantile National Bank v. Langdeau*, 371 U.S. 555, 83 S.Ct. 520, 9 L.Ed.2d 523 (1963) and *Michigan National Bank v. Robertson*, 372 U.S. 591, 83 S.Ct. 914, 9 L.Ed.2d 961 (1963).

The distinction between transitory actions and actions which are local in their character is explained by the United States Supreme Court's opinion in *Casey v. Adams:*

"The distinction between local and transitory actions is as old as actions themselves, and no one has ever supposed that laws which prescribed generally where one should be sued, included such suits as were local in their character, either by statute or the common law, unless it was expressly so declared. Local actions are in the nature of suits *in rem*, and are to be prosecuted where the thing on which they are founded is situated." 102 U.S. 67.

■ In order to determine whether an action is local or transitory in nature, it is appropriate to look to the law of the forum state. *Chateau Lafayette Apartments, Inc. v. Meadow Brook Nat'l Bank*, 416 F.2d 301, 304 (5th Cir. 1969). The action is considered to be local where the state's venue statute requires that the action be brought in the particular county where the subject matter is located. *Moreland v. Rucker Pharmacal Co., Inc.*, 59 F.R.D. 537 (W.D.La. 1973). In Texas, traditional common law concepts pertaining to local and transitory actions have been supplanted by statutory provisions insofar as pertain to intrastate venue. 1 McDonald, Texas Civil Practice § 1.07.1, p. 34. A suit for determination of title to land or to recover damages to land within the meaning of Subdivision 14 is considered "local", and not transitory. *South Padre Development Co., Inc. v. Texas Commerce Bank Nat'l Ass'n*, 538 S.W.2d 475, 480 (Tex.Civ.App.—Corpus Christi 1976, no writ). The actions discussed in the authorities referred to by The Peoples National Bank of Tyler, Texas would not under the Texas statutes be considered local in

**334**

character. The trial court correctly applied the exception of *Casey v. Adams*, and determined that the federal venue statute did not apply to the plaintiffs' action for damages to land and to quiet title to land.

The defendants, W. C. Pickens, R. H. Pickens, Truxton Shaw, and Helen K. Phillips further contend that no evidence was produced at the venue hearing to show that they owned or claimed any interest in the Frederickson and Drlik tracts. It is also claimed that the uncontroverted evidence shows that the Pickens and Shaw defendants parted with all title prior to the institution of suit.

■ An action against former owners of land who have parted with title prior to the filing of suit is not a suit for recovery of land within the meaning of Subdivision 14, Article 1995, *James v. Drye*, 159 Tex. 321, 320 S.W.2d 319 (1959). However, the plaintiffs petition sufficiently alleges a claim against all named defendants for damages due to the drainage from the Cranek tract. Although the defendants could have disclaimed any interest in the Drlik tract, and thus have avoided a title controversy with the plaintiffs as to that land, they could not disclaim their liability for the alleged physical damage to the plaintiffs' Cranek tract. *Cowden v. Cowden*, 143 Tex. 446, 186 S.W.2d 69 (1945). In an action for damages to land, it is immaterial whether the defendants own or have ever owned any interest in the land which they have allegedly damaged. *Cox v. Martin*, 485 S.W.2d 589, 591 (Tex.Civ.App.—Eastland 1972, no writ).

The trial court's order is affirmed.