460 A.2d 356

**VALLEY FORGE TOWER SOUTH CONDOMINIUM By Herbert WEINSTEIN, Harold Goldberg, Christopher Knight, Simon Vogel and Robert Reardon, Trustees Ad Litem and Charles A. Pittman, III and Claire M. Pittman and Inga Bernard Canavan and Margaret Canavan and Inga Lisa Wright and Morris Kaplan and Annette Kaplan and Manuel Ruben and Gladys Ruben and Bruce H. Mayer and Eleanor Mayer, Appellants,**

v.

**TOWER ASSOCIATES, a Pennsylvania Limited Partnership and First Wisconsin National Bank of Milwaukee and Altemose Construction Company, a Pennsylvania Corporation and Roger D. Altemose and Franklin W. Altemose and Henry F. White, Jr. and Charles H. Moyer and Louis Paul.**

Superior Court of Pennsylvania.

Argued June 8, 1982.

Filed May 13, 1983.

Stanley A. Uhr, Philadelphia, for appellants.

Leonard J. Bucki, Philadelphia, for appellees.

Before CAVANAUGH, ROWLEY and WATKINS, JJ.

WATKINS, Judge:

This case comes to us on appeal from the Court of Common Pleas of Montgomery County, Civil Division, and involves an appeal by the plaintiffs-appellants from an order of the trial court granting the motion of one of the defendants, First Wisconsin National Bank of Milwaukee, to dismiss the complaint. The motion to dismiss the action was granted on the grounds that the trial court lacked venue pursuant to *12 U.S.C. § 94*.

 The defendant-appellee, First Wisconsin National Bank of Milwaukee, is a national banking institution with its principal place of business in Wisconsin. It has no branch offices in Pennsylvania. The National Bank Act, *12 U.S.C. § 94* provides that:

"Actions and proceedings against any association under this chapter may be had in the District or Territorial Court of the United States held within the District in which such association may be established, or in any

capital state, county or Municipal Court in the Couty or city in which said association is located having jurisdiction in similar cases."

Thus, national banks may be sued only in those state courts in the County where the banks are located. *National Bank of North America v. Associates of Obstetrics*, 425 U.S. 460, 96 S.Ct. 1632, 48 L.Ed.2d 92 (1976). However, there is an exception to the general rule as set forth by the Supreme Court in *Casey v. Adams*, 102 U.S. 66, 26 L.Ed. 52 (1880) wherein the Court held that the limitation on actions against national banks does not apply to actions which are strictly local and non-transitory in nature.

■ On May 28, 1980 plaintiffs filed an Amended Complaint in Assumpsit alleging that defendant, either as mortgagee in possession of real estate or as holder of a deed in lieu of foreclosure, was liable for damages to them caused by defects in the construction of the Valley Forge South Condominium. Their theory of liability is predicated on a breach of either an express or implied warranty. Plaintiffs argue that their cause of action comes within the exception to the general rule carried out in *Casey v. Adams*, supra. They claim that because their cause of action involves real estate located in Montgomery County, Pennsylvania that it is an "in rem" proceeding and not subject to *12 U.S.C. § 94*. We do not agree. In *Michigan National Bank v. Robertson*, 372 U.S. 591, 83 S.Ct. 914, 9 L.Ed.2d 961 (1963), the Supreme Court held that a suit for damages against a national bank located in Michigan cannot be laid in a Nebraska state court on the ground that the action is a local, not a transitory action, where the applicable Nebraska venue statute permits suits against foreign corporations in any county where the defendant can be found. In that case the Court held that the exception to the general rule set forth in *Casey*, supra, is a narrow one and involves only a suit to determine interests in property at the situs of that property.

The instant case is not one involving the issue of interests in real estate at its situs. Rather, it is an action for

damages for breach of warranty. Merely because it involves a real estate transaction does not automatically bring it within the *Casey* exception. Because our case involves a breach of contract action, we find that it bears a closer resemblance to *National Bank of North America,* supra, than it does to *Casey.* As such, we affirm the order of the court below dismissing the action.

Order affirmed.