## PUBLIC LAUNDRIES, Inc. v. TAYLOR.

### No. 9488.

Court of Civil Appeals of Texas. Galveston.

March 26, 1930.

Fulbright, Crooker & Freeman and W. B. Bates, all of Houston, for appellant.

Morris, Sewell, Taylor & Morris, of Houston, for appellee.

LANE, J.

Public Laundries, Inc., instituted this suit in the Fifty-Fifth district court of Harris county on the 20th day of February, 1930, praying for the issuance of an injunction to restrain R. J. Taylor "from calling for and delivering laundried or unlaundried goods to persons who have been customers of plaintiff, either for himself or for other persons or companies; that he be restrained from, either for himself or for other persons or companies, calling for and delivering laundried and unlaundried goods to persons served or supplied by defendant during the term he was employed under the contract with plaintiff; that defendant be restrained from, either for himself or for any other persons or companies, soliciting, diverting, taking away, and/or attempting to solicit, divert, or take away, ei-

ther directly or indirectly, any of the customers or business or patronage of such customers of plaintiff; that defendant be restrained, either for himself or for any other person or companies, from engaging either directly or indirectly in the laundry business or from calling for or delivering laundried or unlaundried goods in those sections of the City of Houston bounded on the North by the S. A. & A. P. tracks at Main Street, on the east by and including Main Street, on the South by and including Bellaire, and on the West by the S. A. & A. P. Railway tracks, and that on final hearing said injunction be made permanent and binding upon defendant effective until six months from February 15, 1930, but that until hearing as to whether said injunction be made permanent, a temporary restraining order be issued restraining the defendant from any and all of the acts complained of."

The plaintiff attached to and made part of its petition a copy of a contract entered into between it and defendant Taylor, of date February 15, 1929, reading as follows:

"This Agreement, made this 15th day of February, A. D. 1929, between Public Laundries, Inc., of Houston, Texas, the party of the first part, and Robert J. Taylor, of Houston, Texas, party of the second part.

"Witnesseth: That, whereas, the said party of the first part is engaged in the laundry business and have built up and established an extensive trade therein, and

"Whereas, each of the servants, employed by the said party of the first part, to call for and deliver laundried and unlaundried goods to its customers, is in a large measure enabled by such employment, to discover and acquire its methods of business in doing such laundry work and collecting therefor, and to become skilled in such business and in such territory (commonly known as laundry route) as may be entrusted to him from time to time; and

"Whereas, said party of the second part is desirous of entering the employ of said party of the first part and thereby acquiring their methods of business;

"Now, therefore, in consideration of the premises and the mutual covenants and agreements herein contained, the parties hereto covenant and agree as follows:

"Said party of the first part does hereby employ said party of the second part to call for and deliver laundried and unlaundried goods, and to perform such other duties as they may require of him, and to agree to pay him twenty ($20.00) dollars per week and then 20% commission on all business he handles, over $100.00 each week, and such additional wages, if any, as may from time to time be agreed upon.

"Said party of the second part hereby agrees that he will use all diligence in his power to make and keep trade for said

party of the first part, and that he will faithfully work for said party of the first part, drive laundry wagons, call for and deliver laundried and unlaundried goods, collect for same, daily turn over to the said party of the first part, all money collected, keep a just and true account with all customers, and with his said employer, and promptly do and perform any other things pertaining to the business of said party of the first part, as he may be directed by ————.

"The said party of the second part also agrees that he will not at any time while he is in the employ of said party of the first part, or within 6 months after leaving their service, for himself, or any other person, persons or company, call for and deliver laundried and unlaundried goods, to any person or persons who shall have been customers of said party of the first part, and supplied by said party of the second part during any time he may have been employed under this contract, nor will he in any way, directly or indirectly, solicit, divert, take away, or attempt to solicit, divert or take away any of the customers within such time, and said party of the second part further agrees that he will not at any time while he is in the employ of the said party of the first part, or within 6 months after leaving their service, for himself or any other person, persons or company, engage in the laundry business, or call for and deliver any laundried or unlaundried goods, either directly or indirectly, in that portion of the City of Houston, Texas, situated and bounded on the North by S. A. & A. P. Tracks at Main Street, on the East by including Main Street, on the South by including Bellaire, on the West by S. A. & A. P. R. R. Tracks (said portion of the city *containing the laundry route or territory especially entrusted by said party of the first part to party of the second part).* [Italics ours.]

"The privileges and benefits of this contract shall extend to the successors and assigns of the party of the first part.

"The term of service may be terminated on any day of any month by either party hereto giving the other not less than one week's notice.

"Signed, sealed and delivered in the presence of —
    "[Signed]    Chas. A. Reichert.
    "[Signed]    Lulu Cunningham.
                    "[Signed]    R. J. Taylor."

As causes for the issuance of the injunction and restraining order prayed for, the plaintiff alleges that defendant had terminated his employment with it on the 15th day of February, 1930, and since then has violated the terms of the contract entered into between him and the plaintiff, as follows:

"1. That defendant has, within six months after leaving the employ of plaintiff, for himself and for other persons or companies, called

for and delivered laundried or unlaundried goods to persons who had been customers of plaintiff.

"2. That defendant has, within six months after leaving the employ of plaintiff, for himself and for other persons or companies, called for and delivered laundried and unlaundried goods to persons served or supplied by defendant during the time he was thus employed under the terms of the contract above described.

"3. That defendant has within six months after leaving the employ of plaintiff, for himself and for other persons or companies, directly or indirectly, solicited, diverted and taken away, and/or attempted to solicit, divert and take away the customers, and the business or patronage of such customers from plaintiff.

"4. That defendant has within six months after leaving the employ of plaintiff, for himself and for other persons or companies, engaged in the laundry business and has called for and/or delivered laundried or unlaundried goods directly or indirectly in those sections of the city of Houston bounded on the North by the S. A. & A. P. Tracks at Main Street, on the East by and including Main Street, on the South by and including Bellaire, on the West by the S. A. & A. P. Ry. Tracks, the same being the territory designated in the contract hereto attached and made a part hereof marked 'Exhibit A.'"

On the 20th day of February, 1930, the court granted the temporary restraining order as prayed for, but made it applicable only to the territory specifically described in the contract as "*containing the laundry route or·territory especially entrusted by said party of the first part to party of the second part.*" (Italics ours.)

In the order granting such restraining order, the court required the defendant to appear before the court on the 24th day·of February, 1930, to show cause why the temporary injunction should not remain in force until a final decree should be entered in the suit.

The defendant filed his motion to set aside the restraining order granted, alleging that on or about February 15, 1930, the plaintiff had arbitrarily and without just cause taken away from him a large part of the territory assigned to him by the contract alleged by the plaintiff, and had taken away from him the advantages of the good will of his customers, in that part of the territory was taken from him, all to his damage; that plaintiff willfully and without just cause violated and breached the contract entered into between the parties, and therefore plaintiff is not entitled to an enforcement of the contract.

The court upon a hearing granted defendant's motion and dissolved or set aside the temporary restraining order. The plaintiff has appealed.

The contract attached to the plaintiff's petition and offered in evidence specifically describes the territory agreed upon by the parties in which the defendant was to perform his labors. It shows that defendant was to receive for his services $20 per week, and then a·twenty per cent, commission on all business he handled in his territory which was over $100 each week. The undisputed evidence shows that appellant took from appellee, without his consent, a part of the territory assigned to him by the contract, and that such act on the part of appellant would materially lessen appellee's ability to earn the commissions contracted for.

The court, we think, was justified in concluding that appellant had in a material particular breached the contract and that by reason of such breach it was not entitled to have the terms of the contract enforced upon appellee by a court of equity.

Appellant contends, however, that it had not breached the contract, because, if properly construed, the contract provides that appellant had the right to reduce the territory assigned thereby to appellee, without his consent, by reason of the following clause in the' contract: "Whereas, each of the servants employed by the said party of the first part, to call for and deliver laundried and unlaundried goods to its customers, is in a large measure, enabled by such employment, to discover and acquire. its methods of business in doing such laundry work and collecting therefor, and to become skilled in such business, and in such territory (commonly known as laundry route), as may be entrusted to him from time to time."

We do not think that such construction should be given to the clause quoted as contended for by appellant. The judgment is affirmed.

Affirmed.