## LANGDON v. PROGRESS LAUNDRY & CLEANING CO.

### No. 12464.

Court of Civil Appeals of Texas. Dallas.

April 10, 1937.

Rehearing Denied May 8, 1937.

Whitehurst & Whitehurst, of Dallas, for appellant.

Burgess, Chrestman & Brundidge and L. E. Elliott, all of Dallas, for appellee.

JONES, Chief Justice.

Appellee, Progress Laundry & Cleaning Company, instituted this suit in a district court of Dallas county against its former employee, appellant, E. E. Langdon, to enforce by injunction a negative covenant in his employment contract, under which appellant entered the service of appellee, operating a laundry and cleaning business. Under the terms of such contract, appellant was given a designated route to collect from, and deliver to, appellant's customers their laundry in the territory of said route. On presentation to the court by appellee of its verified petition, the court followed the commendable course of first granting a temporary restraining order to continue in effect a short time, when appellant was cited to appear on a named day and show cause why such restraining order should not be continued as a temporary injunction.

Appellant filed a verified answer, contesting appellee's right, under the facts alleged in such answer, to a temporary writ of injunction. A trial was had on appellee's right to the issuance of a temporary writ of injunction, resulting in the court granting to appellee such relief and issuing a temporary writ of injunction, in effect, restraining appellant pending the trial of the suit, from entering his former laundry route in the employment of a competing company, and from soliciting or accepting business from appellee's customers in the territory of such route. Appellant has duly perfected an appeal to this court, and the following are the necessary facts:

The material facts are virtually undisputed. On May 20, 1935, the parties entered into the written contract in question for a period of one year with the option to continue such contract of employment for another year, unless such continuance was objected to by either party. At the end of the year, the contract was renewed by mutual acquiescence of the parties, in that, appellant, without objection from appellee, continued to work under the terms of said contract from May 20; 1936, until February 1, 1937, when he left appellee's employment, accepting employment with a competitor, and did some soliciting of business for such competitor in the laundry route of his former employment with appellee. The negative covenant in the written contract of employment reads:

"The said party of the second part also agrees that he will not at any time, while he is in the employ of said party of the first part, or within one year after termination of said service, irrespective of the reason of such termination, for himself or any person, persons or corporation other than the party of the first part, call for and deliver laundered and unlaundered and wet and dry cleaning and storage goods, to any person or persons, who, during the term of this contract, shall have been customers of said party of the first part; nor in any way, directly or indirectly, solicit, divert, take away, or attempt to solicit, divert or take away from said party during the life of this contract any of its customers, business or patronage of such customers, in that portion of the City of Dallas, Texas, known as the 'laundry route' or territory especially entrusted by said party of the first part to party of the second part, and herein described."

Appellant attempts to justify his conduct, of leaving the service of appellee, entering the employment of a competitor, and soliciting business from residents along his former route, in violation of the said covenant, on the ground that appellee' previously had violated the contract, without his consent and over his strenuous objections, by materially reducing the compensation called for in the contract, and under which he cannot earn a living; that such reduction was announced to him and other employees in January, and they were told it would take effect on and after February 1, 1937, and the contract for the former remuneration would not be in force on or after said date. The scale of commissions, giving remuneration for his services, as set out in the written contract, reads:

"Said party of the first part does hereby employ said party of the second part, to call for and deliver laundered and unlaundered and wet and dry cleaning and storage goods, and perform such other duties as may be required of him in the methods and adopted in its business and to assist him in establishing and extending trade, and agrees to pay him Twenty Per Cent Commission allowed on all business except regular charge customers carried by Progress Laundry & Cleaning Company, for which 5% will be deducted, for his use in said business an automobile truck and to maintain the same."

In respect to the change of remuneration, the undisputed evidence shows that, on-or about January 10, 1937, C. C. Peters, Dallas manager of appellee company, assembled its employees and notified them that the present scale of commissions would not be maintained from and after February 1, 1937, but that a new scale of commissions would be put in force, and announced what that scale would be, which showed a material reduction in appellant's contract remuneration. To this announcement of the change in the schedule of commissions, appellant strenuously objected, on the ground that it was a violation of his contract with appellee, and that he could not earn a living under such commissions.

On January 13, 1937, D. P. Wallace, president of appellee, announced to appellee's assembled employees the scale of commissions to be put in force, effective February 1, 1937, making a slight change in that of the former announcement; this scale was that appellant would be paid, from and after February 1, 1937, 15 per cent on the first $100 of business secured by him, and 18 per cent on all in excess of $100, and also stated that a bonus of 7½ per cent would be paid on all new business that had been secured by the employees and had continued for a period of three weeks. Appellant again protested, on the same ground, and announced that he could not work under such terms. During the last two weeks of January, under the figures compiled by appellee, appellant's remuneration for a week's work would be approximately $7 less under the new schedule than under the old—that is, appellant would receive approximately $30 a month less under the new schedule of commissions than he would have received under the contract schedule. Under these conditions, appellant left the service of appellee and immediately entered the service of a competitor of appellee.

The pleadings of the parties and the undisputed facts of the case present the single question as to whether appellee, after its breach of a material provision of appellant's contract of employment, can invoke the jurisdiction of a court of equity and enforce, by injunction against appellant, the negative covenant which he had breached subsequent to appellee's breach of the employment contract.

Appellee breached the contract in respect to the consideration moving to appellant for the work to be performed. This breach of the contract was deliberately made by appellee, for the purpose of changing the contract consideration to be paid for appellant's services, without his consent and over his protest. In consequence of such breach, appellant was at liberty to declare the contract at an end, and act independent of any of its provisions. This appellant chose to do, when, over his protest and against his will, his written contract of employment was changed in a substantial manner. Appellee having wrongfully breached the contract in respect to a provision favorable to appellant, cannot go into a court of equity to secure, by injunction, the enforcement of another provision of the contract favorable to it. This appears to be the settled law of this state. Hardeman-King Lbr. Co. v. Hampton Brothers, 104 Tex. 585, 142 S.W. 867; Chapin v. Burks (Tex.Civ.App.) 26 S.W.(2d) 426; Reitzer v. Medlake Development Co. (Tex. Civ.App.) 27 S.W.(2d) 563; Thomas v. Basden & Carrell (Tex.Civ.App.) 22 S.W. (2d) 959; Peck v. Morgan (Tex.Civ.App.) 156 S.W. 917; Carpenter v. Southern Prop-

erties, Inc. (Tex.Civ.App.) 299 S.W. 440; Robinson v. Levermann (Tex.Civ.App.) 175 S.W. 160; Public Laundries, Inc., v. Taylor (Tex.Civ.App.) 26 S.W.(2d) 1085.

The undisputed evidence showing that appellee first breached a material clause of the contract, we hold that it cannot thereafter maintain a suit in equity to compel appellant to perform another portion of the contract. Therefore, in our opinion, this case should be reversed and here rendered in favor of appellant, dissolving the temporary writ of injunction, and it is so ordered.

Reversed and temporary writ of injunction dissolved.