C. H. LANGDEAU, Receiver for I. C. T. Ins. Co., Petitioner,

v.

REPUBLIC NATIONAL BANK OF DALLAS, Respondent.

C. H. LANGDEAU, Receiver for I. C. T. Ins. Co., Petitioner,

v.

MERCANTILE NATIONAL BANK AT DALLAS, Respondent.

Nos. A–7728, A–7729.

Supreme Court of Texas.

March 13, 1963.

Cecil C. Rotsch, Austin, Keith, Mehaffy, McNicholas & Weber, Beaumont, Cureton & Lanham, Waco, for petitioner.

Dan Moody, Austin, Leachman, Gardere, Akin & Porter, Dallas, for Republic National Bank of Texas.

Carrington, Johnson & Stephens, Dallas, for Mercantile National Bank at Dallas.

SMITH, Justice.

This suit originated in the 98th District Court of Travis County, Texas. The petitioners, two national banks, filed separate pleas of privilege to be sued in Dallas County, Texas, the county of the residence and location of each bank. These pleas were overruled by the trial court, and a judgment in each cause was accordingly entered. On appeal, the Court of Civil Appeals for the Third Supreme Judicial District of Texas, at Austin, Texas, reversed the judgments of the trial court and the causes were remanded with instruction to that court to render judgment sustaining

petitioners' pleas of privilege and transferring the causes as to petitioners to any Civil District Court of Dallas County in accordance with the provisions of Rule 89, Texas Rules of Civil Procedure. Tex.Civ. App., 331 S.W.2d 349. The controlling facts are fully stated by the Court of Civil Appeals. The parties stipulated the issue in that Court:

"The only issue involved in said plea of privilege hearing was the issue of whether the provisions of the federal statutes entitled said Defendants to have said plaintiff's action against them transferred to the state court in Dallas County, Texas, or whether state statutes on venue of such action are controlling."

Langdeau's petition for writ of error was granted by the Supreme Court of Texas, and on November 23, 1960, this court reversed the judgment of the Court of Civil Appeals and affirmed that of the trial court. 161 Tex. 349, 341 S.W.2d 161.

The Supreme Court of the United States granted the national banks' petitions for writs of certiorari. On January 21, 1963, the judgments of this Supreme Court were reversed and the causes were remanded for further proceedings not inconsistent with the opinion and judgment of the United States Supreme Court.[1] 371 U.S. 555, 83 S.Ct. 520, 9 L.Ed.2d 523.

The law question involved in all courts, and the statutes relied upon by opposing parties to support their respective positions, is stated by Mr. Justice White writing for the United States Supreme Court:

"Each appellant filed a plea of privilege, as provided by the Texas Rules of Civil Procedure, asserting that it was located in Dallas County, Texas, and was therefore immune from suit in

Travis County under the provisions of Rev.Stat. § 5198 (1878), 12 U.S.C. § 94, which provides:

" 'Actions and proceedings against any association under this chapter may be had in any district or Territorial court of the United States held within the district in which such association may be established, or in any State, county, or municipal court in the county or city in which said association is located having jurisdiction in similar cases.'

"Appellee, [Langdeau] on the other hand, relied upon Texas Insurance Code, Art. 21.28, Section 4, V.A.T.S. of which provides:

" '(f) New Lawsuits. The court of competent jurisdiction of the county in which the delinquency proceedings are pending under this Article shall have venue to hear and determine all actions or proceedings instituted after the commencement of delinquency proceedings by or against the insurer or receiver.' "

The Court, after noting its jurisdiction to hear the appeals under § 1257, 28 U.S.C., sustained the position of the banks, holding that national banks may be sued only in those state courts in the county where the banks are located, citing Charlotte National Bank v. Morgan, 132 U.S. 141, 10 S.Ct. 37, 33 L.Ed. 282, which involved a suit against a national bank brought in a county other than that in which the bank was located.

In accordance with the judgment of The Supreme Court of the United States, this court now sets aside its former judgment and renders judgment affirming that of the Court of Civil Appeals.

---

1. Mr. Justice Clark took no part in the consideration or decision of these cases: Mr. Justice Harlan dissented; Mr. Justice Black and Mr. Justice Douglas, while agreeing with the Court that the judgments were final, dissented on the merits of these cases.