**W. W. VAUGHAN et al., Appellants,**

v.

**L. M. KIZER, Appellee.**

**No. 4462.**

Court of Civil Appeals of Texas.

Waco.

Feb. 24, 1966.

Rehearing Denied March 24, 1966.

Haley, Koehne, Fulbright & Winniford, W. C. Haley, Waco, for appellants.

Naman, Howell, Smith & Chase, Louis Muldrow, Waco, for appellee.

McDONALD, Chief Justice.

This is an appeal by Vaughan and Naylor from a judgment enjoining them from engaging in the independent insurance claims investigating and adjusting business for 4 years from January 31, 1964.

Vaughan and Naylor, (appellants), were employed by Kizer (appellee) in his claim adjusting business in May and December of 1952, and in March 1953 signed an agreement " * * * that in the event of the termination of employment by (Kizer), or in the event (Vaughan and Naylor) elect to terminate his employment for any cause whatever, he will not for a period of 5 years from and after the termination of his employment, engage in the independent insurance claims investigating business in Waco * * * or within a radius of 75 miles * * *."

Appellants left appellee's employment on January 31, 1964, and on February 3, 1964 filed suit against appellee for declaratory judgment that such agreement was void. Appellee cross acted for permanent injunction to enjoin appellants from engaging in the claims adjusting business in a 75 mile radius of Waco, for 5 years from January 31, 1964.

Trial was to a jury which, in answer to issues submitted, found:

1) A period of 5 years was not reasonably necessary for the protection of Kizer's business.

2) A period of 2 years would be a reasonably necessary time for the protection of Kizer's business.

3) The area of a 75 mile radius of Waco was a reasonably necessary area for the protection of Kizer's business.

Both parties filed motions to disregard findings and for judgment non obstante, and appellants filed alternate motion for judgment on the verdict. The Trial Court disregarded all motions and rendered judgment enjoining Vaughan and Naylor from engaging in the claims adjusting business within 75 miles of Waco for a period of 4 years from January 31, 1964.

Vaughan and Naylor appeal, contending the trial court erred:

1) In granting permanent injunction prohibiting appellants from engaging in the claims adjusting business, because under the record the covenants not to compete were unenforceable as a matter of law.

2) In not entering judgment on the verdict enjoining appellants for 2 years, (because reasonableness of time is a fact question).

3) In holding that appellee's refusal to reimburse appellants' expenses incurred in the course of employment was not a breach of contract by appellee precluding enforcement of the covenants not to compete.

4) In holding that appellee's alleged conduct in overcharging and defrauding insurance companies represented, could not constitute a defense to appellee's suit for injunction.

5) In failing to consider the hardships imposed on appellants and balancing such hardships against the necessity for injunctive relief; failing to apply the "clean hands" doctrine; and failing to consider the adequacy of appellee's remedy at law.

Appellee asserts by cross point that appellants should be enjoined for 5 years as provided by the agreement, rather than for 4 years.

Appellee is in the independent claims investigating and adjusting business. Vaughan and Naylor were both competent

and experienced claim adjusters, when they went to work for Kizer in May and December, 1952, respectively. In March 1953 Kizer required them to sign an agreement not to compete with him within 75 miles of Waco, for a period of 5 years, should their employment terminate for any cause whatever. The record reflects that insurance companies refer claims to Kizer for investigation and settlement. Kizer assigns each claim to an adjuster who investigates and handles same. No trade secrets or customer lists are involved, although the experienced adjuster establishes contacts with persons who may influence the flow of business. The claims business is highly competitive, and insurance companies select agencies to adjust for them who do good work at reasonable charges.

Appellants received a salary; a bonus determined by appellee at the end of the year; and were to be reimbursed on a per mile basis for the use of their car in the conduct of appellee's business, as well as for expenses for meals, photostats, and out of pocket expenses. Appellants prepared a list of their expenses for each claim file, and appellee would bill the insurance company for the work, and for the expenses. When payment was received from the insurance company, appellee credited appellants' expense account, and from time to time issued appellants a check for expenses incurred. Appellee, on numerous occasions, materially reduced appellants' expense accounts as submitted without appellants' knowledge or consent; and billed the insurance companies on the basis of the reduced amounts, and when payment was received, paid such amounts as received to appellants. Appellee admitted reducing appellants' expense accounts and says he did such so his charges to the insurance company clients would be reasonable and competitive, (thus requiring appellants, without their consent, to in effect, subsidize appellee's business). Appellants learned that appellee had been cutting their expense statements and terminated their employment with him.

Appellants went into the adjustment business for themselves and have adjusted some claims for some of the insurance companies which refer business to Kizer. There is no showing as to what amount of business Kizer has lost as the result of appellants' competition with him; and no showing that the business appellants have received would have in fact gone to Kizer but for appellants' entry into the claims adjusting business. There are some 5 or 6 claims adjusting businesses in Waco other than appellee's and appellants'. Naylor is 59 years old; Vaughan is 51; both have spent the past 14 years or more as insurance claims adjusters; both live in Waco and own their homes. The judgment substantially precludes appellants from pursuing the only work they are trained to do, for 4 years, and in a 75 mile radius of where they live.

■ An agreement by an employee not to compete with his employer after termination of the employment is in restraint of trade, and will not be enforced in accordance with its terms unless they are reasonable. The test for determining the validity of the covenant as written is whether it imposes upon the employee any greater restraint than reasonably necessary to protect the business and good will of the employer. A court of equity will enforce the contract to the extent that the time and area are reasonable under the circumstances. Weatherford Oil Tool Co. v. Campbell, 161 Tex. 310, 340 S.W.2d 950.

■ Whether a given contract is reasonable as to time and area are not questions of fact, but are questions of construction under the evidence, and therefore questions of law for determination by the court. Spinks v. Riebold, Tex.Civ.App., Er.Ref., 310 S.W.2d 668; Lewis v. Krueger, Hutchinson & Overton Clinic, 153 Tex. 363, 269 S.W.2d 798.

■■ And an otherwise valid agreement by an employee not to compete with his employer after termination of employment,

may not be enforced by injunction, by the employer, where the employer has been guilty of a breach of the employer's obligations under the contract or other inequitable conduct. He who comes into equity must come with clean hands, and a complainant's wrongful conduct in a matter or transaction with respect to which he seeks injunctive relief, precludes him from obtaining such relief. 155 A.L.R. 654; Langdon v. Progress Laundry & Cleaning Co., Tex. Civ.App., Er.Ref.,.105 S.W.2d 346; Carpenter v. Southern Properties, Tex.Civ.App., Er.Ref., 299 S.W. 440. See also Arthur Murray Dance Studio, etc. v. Witter, Ohio Com.Pl., 105 N.E.2d 685.

■ The rule that one who comes seeking equity must come with clean hands is not absolute, and party relying on such principle must show that he himself has been injured by conduct in order to justify application of such principle, and the wrong must have been done to party himself and not to some third party. Omohundro v. Matthews, 161 Tex. 367, 341 S.W.2d 401.

■ Under the cited authorities, we think contracts by employees of a claims adjusting business, not to compete with the employer after termination of employment, valid insofar as they are reasonable as to time and area. We think that under the record here (without considering appellee's reduction of appellants' expense accounts), a period of 2 years ample to protect the good will and business of the appellee, and that time in excess thereof is unreasonable. (No complaint is made of the reasonableness of the area).

And we think appellee's action in reducing appellants' expense accounts was, under the facts, such wrongful conduct as to render appellee without clean hands, and precludes him from obtaining injunctive relief against appellants in a court of equity.

Appellants' points 2 and 4 are overruled; appellants' points 1, 3 and 5 are sustained to

the extent reflected in this opinion; and appellee's cross point is overruled.

The judgment is reversed and judgment rendered dissolving the injunction.

Reversed and rendered.

WILSON, J., not participating.