**NATIONAL CHEMSEARCH CORPORATION, Appellant,**

v.

**Jack Eugene FRAZIER et al., Appellees.**

**No. 5204.**

Court of Civil Appeals of Texas, Waco.

Dec. 14, 1972.

Rehearing Denied Jan. 4, 1973.

Tobolowsky, Schlinger & Blalock, Neal E. Young, Dallas, Naman, Howell, Smith & Chase, Waco, for appellant.

J. Robert Sheehy, Waco, Ernest Morgan, San Marcos, for appellees.

VIC HALL, Justice.

National Chemsearch Corporation brought this action against Jack Eugene Frazier and Robert C. Haney, seeking temporary and permanent injunctions, and actual and punitive damages. Chemsearch assigns error to the trial court's refusal to

grant a temporary injunction which would have required Frazier to abide by a written agreement not to engage in post-employment competition with Chemsearch and would have prevented alleged unfair competition practices by Haney and Frazier against Chemsearch, pending trial on the merits.

■ Trial courts are endowed with broad discretion to grant or deny an application for temporary injunction, and the narrow question before us is whether the action of the court in refusing to grant the writ in question constitutes a clear abuse of discretion. Janus Films, Inc. v. City of Fort Worth, 163 Tex. 616, 358 S.W.2d 589 (1962). We have no discretion in the matter, and unless the record shows that Chemsearch was entitled to the writ of injunction as a matter of law then the judgment must be affirmed. 31 Tex.Jur.2d 345–350, Injunctions, Sec. 224.

The record shows that Chemsearch and Haney are competitors. They sell chemical specialty products for the cleaning and maintenance of industrial plants and institutional buildings directly to the users. Haney does business under the name of "Industrial Solvents", and has been in business for himself for six years.

Frazier began selling for Chemsearch on February 22, 1965. At that time he executed a written agreement that he would not, for a period of eighteen months immediately following the termination of his employment, compete with Chemsearch in the territory assigned to him by Chemsearch.

Frazier quit Chemsearch on May 2, 1972. At that time his assigned territory was McLennan, Falls, Bosque, Limestone, Hill, Coryell and Hamilton Counties. Within two weeks after leaving Chemsearch, Frazier began selling Haney's products in direct competition with Chemsearch. By his own admission, "something over 75%" of Frazier's sales of Haney's products are to customers he sold while with Chemsearch and most of them are in Waco, McLennan County.

■ In our opinion, the period of 18 months and the area of seven Central Texas Counties in the non-competitive agreement are not unreasonable. Thus, Chemsearch is entitled to the injunction it seeks against Frazier on the ground of the violation of the contract, unless the record supports some defensive measure relied upon by Frazier.

■ In the non-competitive contract, Chemsearch expressly reserved the right to place other salesmen in the territory assigned to Frazier. They did this in April, 1972. The new salesman called upon Frazier's customers. The record supports the inference that such activity was damaging to customers rapport and goodwill cultivated by Frazier. Frazier testified that he complained to his salesmanager, and threatened to quit; that the other salesman was withdrawn from the territory, and Frazier was assured by his supervisor that if he would not resign his employment other salesmen would not again be placed in his territory; that in reliance upon this representation he agreed to continue, and did continue, selling for Chemsearch; that later, in the same month, Chemsearch violated the agreement and assigned another salesman to his territory; and that Chemsearch violated another agreement made with him by failing to give him the commission (in a trifling amount) on a sale made by another salesman in his territory. According to Frazier, these breaches precipitated his resignation on May 2nd.

Chemsearch asserts there was no consideration for the oral modification of the employment contract. We hold that Frazier's agreement to continue selling for Chemsearch and his doing so, both of which have been impliedly found by the trial court, was adequate consideration for the amendment.

**548**

Under the "clean hands" doctrine, an employer may be denied enforcement by injunction of an agreement by an employee not to engage in post-employment competition where the employer has been guilty of a breach of the contract, or other inequitable conduct, that was injurious to the employee. Vaughan v. Kizer, (Tex.Civ.App., 1966, writ ref., n. r. e.) 400 S.W.2d 586, 589–590. We believe the implied findings of violations by Chemsearch of its agreements with Frazier justified the application of this rule by the trial court in this case.

In support of its charge of "unfair competition practices" by Haney and Frazier, Chemsearch argues that Frazier's activities have increased Haney's market penetration in the Waco area; that Frazier's orders mailed to Haney include such information as the name of the customer, the customer's purchasing agent, and the item and quantity sold; and that Frazier is, in effect, supplying Haney with a "purchase pattern" of Chemsearch customers. Haney testified that he has been selling the Waco area for about 15 years; that he was a Chemsearch representative for about seven years prior to entering business for himself; that he already had "at least 75%" of the information contained in Frazier's orders before Frazier began selling his products; and that it would take "a couple of years' time" to establish any customers' purchase pattern from Frazier's orders.

Haney's testimony, which is corroborated by other testimony in the record, is sufficient to support the trial court's implied finding that Haney and Frazier are not engaged in acts of unfair competition with Chemsearch.

Chemsearch urges other reasons why the temporary injunction should issue. They are overruled. Although there is evidence that would have supported the granting of the temporary injunction, the record does not require the issuance of the writ as a matter of law.

The judgment is affirmed.