Juvenal **RIVERA** and wife San Juana Rivera, Appellants,

v.

**AUSTIN NATIONAL BANK** and Robert G. Mathews, d/b/a Mathews Recovery Bureau, Appellees.

No. 1182.

Court of Civil Appeals of Texas, Corpus Christi.

Feb. 28, 1977.

Rehearing Denied March 17, 1977.

J. L. Covington, Covington & Morrow, Brownsville, Robert J. Hearon, Jr., Owen L. Roberts, Graves, Dougherty, Hearon, Moody & Garwood, Austin, for appellants.

George W. Storter, Storter & Pena, Carinhas & Cunningham, Brownsville, for appellees.

## OPINION

YOUNG, Justice.

In this venue case, Juvenal G. Rivera and wife, San Juana Rivera, sued Austin National Bank and Robert G. Mathews, d/b/a Mathews Recovery Bureau, for money damages arising out of an alleged conversion of the plaintiffs' mobile home. Suit was filed in Cameron County, Texas. The bank then filed a plea of privilege to be sued in Travis County, Texas, where it is located. The Riveras controverted the plea of privilege and maintained that venue was proper in Cameron County under Subdivisions 4, 9 and 29a of Tex.Rev.Civ.Stat.Ann. art. 1995 and under Tex.Rev.Civ.Stat.Ann. art. 5069–8.04. The trial court sustained the plea of privilege and the Riveras therefore appeal.

In December 1970 appellant Juvenal Rivera bought a mobile home from a dealer in Houston, Texas. In that connection, Mr. Rivera signed a promissory note for part of the purchase price and a security agreement which granted the dealer a security interest in the mobile home. Subsequently the dealer assigned its interest in the note and agreement to Austin National Bank, a

national banking association located in Travis County. The bank then notified Mr. Rivera of the assignment and requested him to make payments to the bank in Travis County.

Later Mr. Rivera moved the mobile home to Cameron County. In the summer of 1975, Mr. Rivera became three payments in arrears on the note. Whereupon the bank authorized Mathews Recovery Bureau, located in Cameron County, to collect the unpaid balance on the note or repossess the mobile home. Eventually Mathews seized and took possession of the home and then notified Mr. Rivera that he could redeem the home by paying the unpaid balance of the note plus all repossession expenses.

The Riveras then filed suit on September 2, 1976, against the bank and Mathews alleging conversion of their mobile home and asking for damages. On October 7, 1976, the plea of privilege hearing was begun and the trial court sustained the plea by order of December 1, 1976. And before this appeal was submitted to us, the Riveras paid all amounts under the note and agreement and they redeemed the mobile home.

The sole question on appeal is one of waiver as set out in appellants' only point of error which is as follows:

"The District Court erred in its sustention of the plea of privilege of Appellee Austin National Bank because in the circumstances of this case Appellee Austin National Bank waived its privilege to assert venue in Travis County, Texas pursuant to 12 U.S.C. § 94."

■ The venue of suits against national banks is governed by 12 U.S.C. § 94 which provides as follows:

"§ 94. Venue of Suits

Actions and proceedings against any association under this chapter may be had in any district or Territorial court of the United States held within the district in which such association may be established, or in any State, county or municipal court in the county or city in which said association is located having jurisdiction in similar cases."

This provision, which is mandatory and not permissive, overrides any conflicting state venue statutes. *Mercantile Nat'l Bank at Dallas v. Langdeau,* 371 U.S. 555, 83 S.Ct. 520, 9 L.Ed.2d 523 (1963); *Michigan Nat'l Bank v. Robertson,* 372 U.S. 591, 83 S.Ct. 914, 9 L.Ed.2d 961 (1963). The mandatory effect of § 94 was by us recently reaffirmed in *South Padre Development Company v. Texas Commerce Bank National Association,* 538 S.W.2d 475 (Tex.Civ.App.—Corpus Christi 1976, no writ).

There are two exceptions, however, to § 94: one, where a bank consents to be sued or waives its defenses when sued in another county; the other, where the action brought against a national bank is purely local, rather than transitory.

■ The appellants' action against the bank is for money damages and is based primarily upon an alleged conversion of movable personal property and upon alleged violations of the Texas Consumer Credit Code. An action for money damages for conversion of personal property is transitory. *Richter v. Plains National Bank of Lubbock,* 440 S.W.2d 76 (Tex.Civ.App.—Fort Worth 1969, writ dism'd w. o. j.). An action for money damages for violations of the Texas Consumer Credit Code is very similar to an action based on violation of our usury laws. We recently held that an action based upon violation of our usury laws is transitory. *South Padre Development Company v. Texas Commerce Bank Nat'l Ass'n,* supra. So the "local action" exception is not applicable here.

■ About the "waiver" exception to § 94, the bank filed no action against appellants in Cameron County; only when appellants filed their action did the bank file any proceeding, its plea of privilege. A waiver requires an intentional relinquishment of a known right or intentional conduct inconsistent with claiming that right. This definition has been held to be appropriate in determining whether a national bank has waived its rights under § 94. *First National Bank of Midland v. Stoutco Inc.,* 530 S.W.2d 619 (Tex.Civ.App.—San Antonio 1975, writ dism'd w. o. j.).

In *Stoutco,* the appellant bank had obtained a writ of garnishment in Midland County and had caused the writ to be served by the Sheriff of Bexar County on a bank in Bexar County, thereby freezing the appellees' bank accounts in Bexar County. The San Antonio Court of Civil Appeals, speaking through Chief Justice Barrow, held that such actions by the appellant national bank did not constitute a waiver of venue rights under § 94. In explaining the reasons for its holding, which we approve, the Court said the following:

> ". . . *Appellant did not file any proceeding in the Courts of Bexar County; nor did the appellant commit any acts evidencing an intent to relinquish its venue right.* The record would probably support a finding that a part of the cause of action arose in Bexar County within the meaning of Subdivision 23 of Article 1995, Tex.Rev.Stat.Ann. (1964). Nevertheless, the provisions of Sec. 94 are mandatory and overrule conflicting state venue statutes. Otherwise the congressional enactment permitting suit to be brought in the bank's home county could become largely meaningless." (Emphasis supplied.)

Consequently, the "waiver" exception is not applicable here either.

In its argument under its sole point of error, the appellants also assert that the trial court erred when it ordered that the appellants' cause of action against Mathews (who was a resident of Cameron County) be transferred, with that against the bank, to Travis County. Appellants say this action violated Mathews' statutory and constitutional rights. Appellants' contentions are without merit for the reasons that: 1) Mathews, the proper party to complain of these alleged violations, has not complained, and 2) appellants have not properly assigned error to these alleged violations.

Finally, the appellants complain of the trial court's failure to file findings of fact and conclusions of law upon the appellants' request. Under Rule 385(e), T.R.C.P., the trial court was not compelled to file such requested findings and conclusions in an interlocutory matter such as we have here.

The judgment of the trial court is AFFIRMED.