James STEPHENSON, Appellant,

v.

Leo N. WALKER Trust and Ruby R. Walker Trust et al., Appellees.

No. 17475.

Court of Civil Appeals of Texas, Houston (1st Dist.).

Jan. 17, 1980.

Rehearing Denied Feb. 14, 1980.

Edward Woolery-Price, Columbus, for appellant.

Hodge, Gates & Halcom, Harold Halcom, Columbus, for appellees.

Before COLEMAN, C. J., and WALLACE and DOYLE, JJ.

COLEMAN, Chief Justice.

This is an appeal from an order dismissing a suit for damages, or, in the alternative, for specific performance of a contract to convey real estate. James Stephenson, plaintiff, filed this suit against the Commerce Bank of Kansas City in its capacity as trustee of certain trusts established by

Leo N. Walker and by Ruby R. Walker. He alleged that the bank entered into a contract to convey to Mr. and Mrs. Michael L. Stovall certain real estate owned by the trusts which was located in Colorado County, Texas. He further alleges that the bank offered to sell the land to the Stovalls for $7,000.00, which offer the Stovalls accepted. Thereafter the bank refused to convey the land.

Commerce Bank of Kansas City, N. A., trustee of the Leo N. Walker trust and the Ruby R. Walker trust, filed a special appearance under Rule 120a T.R.C.P., in which it asserted that it is a national banking association, properly chartered, having its residence and place of business and being located in Kansas City, Jackson County, Missouri. The bank asserts that the district court of Colorado County, Texas, does not have jurisdiction over the person of Commerce Bank of Kansas City in that the bank is not amenable to process issued out of said court.

■ This special appearance was sustained by the trial court and the case was dismissed. It is well settled that a national banking association can insist on its right to be sued in the state and county in which the association is located. *Mercantile National Bank at Dallas v. Langdeau*, 371 U.S. 555, 83 S.Ct. 520, 9 L.Ed.2d 523 (1963); *Michigan National Bank v. Robertson*, 372 U.S. 591, 83 S.Ct. 914, 9 L.Ed.2d 961 (1963); *Langdeau v. Republic National Bank of Dallas*, 365 S.W.2d 783 (Tex.1963).

Stephenson points out two well established exceptions to this rule. First, a bank may consent to be sued in another county, or waive its defenses when sued in another county. Second, where the action brought against a national bank is purely local, rather than transitory, it may be brought in a county other than the county in which the bank is located. *Houston National Bank v. Farris*, 549 S.W.2d 420 (Tex.Civ.App.— Waco, 1977, writ dism'd); *Rivera v. Austin National Bank*, 547 S.W.2d 735 (Tex.Civ. App.—Corpus Christi, 1977, no writ); *South Padre Development Company, Inc. v. Texas Commerce Bank National Association*, 538 S.W.2d 475 (Tex.Civ.App.—Corpus Christi 1976, no writ).

■ The venue provisions of 12 U.S.C. § 94 were enacted for the convenience of banks, and may be waived by the bank's conduct in the county where jurisdiction is sought to be maintained, whether such conduct occurred before or after the filing of the suit. *Michigan National Bank v. Robertson*, 372 U.S. 591, 83 S.Ct. 914, 9 L.Ed.2d 961 (1963); *First National Bank of Charlotte v. Morgan*, 132 U.S. 141, 10 S.Ct. 37, 33 L.Ed. 282 (1889).

In the *Bank of Charlotte* case cited above the court stated that the bank's exemption from suits in a county other than that in which the bank was located was a personal privilege that it could waive and which it did waive by appearing and making defense without claiming the immunity granted by congress.

To emphasize the scope of the privilege granted to the National Banking Associations we quote from *Mercantile National Bank at Dallas v. Langdeau*, 371 U.S. 555, 83 S.Ct. 520, 9 L.Ed.2d 523 (1963); ". . . the phrase 'suits . . . may be had' was, in every respect, appropriate language for the purpose of specifying the precise courts in which Congress consented to have national banks subject to suit and we believe Congress intended that in those courts alone could a national bank be sued against its will."

In a footnote in the opinion in the Mercantile Bank case the Supreme Court recognized that the court in *Casey v. Adams*, 102 U.S. 66, 26 L.Ed. 52 held that Congress did not intend the provisions of what is now 12 U.S.C. § 94 to apply to local, in rem actions, but pointed out that many years later in *Cope v. Anderson*, 331 U.S. 461, 67 S.Ct. 1340, 91 L.Ed. 1602, the Supreme Court in compelling language, pointed out: " 'for jurisdictional purposes, a national bank is a "citizen" of the state in which it is established or located, 28 U.S.C. § 41(16), and in that district alone can it be sued. 12 U.S.C. § 94.' "

The *Casey v. Adams* exception has been recognized by the courts of Texas. *Peoples National Bank of Tyler v. Cranek*, 557 S.W.2d 330 (Tex.Civ.App.—Houston [1st Dist.] 1977, writ dism'd). In determining whether Stephenson's cause of action in this case is local or transitory, it is appropriate to look at the law of Texas. *Chateau LaFayette Apartments, Inc. v. Meadow Brook National Bank*, 416 F.2d 301 (5th Cir. 1969).

. In *Casey v. Adams*, supra, at 67 the court, referring to a statute identical in language to § 94, stated: ". . . this, we think, relates to transitory actions only, and not to such actions as are by law local in their character . . ."

▮ Local actions are in the nature of suits in rem, a term defined as designating proceedings or actions instituted against the thing, that is, an action taken directly against property or one which is brought to enforce a right in the thing itself. Black's Law Dictionary (4th ed.). See, *Knox v. Quinn*, 164 S.W.2d 580 (Tex.Civ.App.—Austin 1942, no writ); *McCorkle v. Hamilton*, 150 S.W.2d 439, 442 (Tex.Civ.App.—Fort Worth 1941, writ ref'd); *Perdue v. Perdue*, 208 S.W. 353 (Tex.Civ.App.—Texarkana 1918), aff'd. 217 S.W. 694 (Tex.1920).

▮ A suit seeking to determine the ownership of real estate is a purely local action. *South Padre, Etc. v. Texas Commerce Bank National Association*, 538 S.W.2d 475 (Tex.Civ.App.—Corpus Christi 1976, no writ). Section 14, Article 1995,. V.A.C.S. governs the venue of suits for the recovery of land or damages thereto, or to remove encumbrances upon the title to land, or to quiet the title to land, or to prevent or stay waste on lands. Causes of action which fall within Section 14 are purely local actions. The decisions of courts of this state had been uniformly to the effect that a suit for specific performance of a contract to convey an interest in land, or for damages for breach of such contract, does not come under the provisions of Section 14. *Smith v. Hall*, 147 Tex. 634, 219 S.W.2d 441 (Tex.1949). We conclude that such actions are not local in nature, but rather are transitory. The cause of action

asserted by Mr. Stephenson does not fall within the local action exception to Section 94. The cause of action is founded on contract and is transitory. *First Fed. Sav. and Loan Ass'n v. Merrimack Valley*, 5 Mass. App. 320, 362 N.E.2d 939 (Middlesex, 1977).

▮ While a national bank is immune from suit in a district other than that where it is located, this immunity is in the nature of a personal privilege and may be waived. A bank may waive the protection of Section 94 either by express declaration or by failing to assert the privilege when sued outside its district. Further, a waiver may be inferred from conduct inconsistent with the assertion of the privilege. In order to constitute a waiver, the declaration or conduct relied on must demonstrate a voluntary and intentional relinquishment or abandonment of the privilege. Merely doing business in a foreign district does not constitute a waiver of the privilege. *Northside Iron & Metal Co., Inc. v. Dobson & Johnson, Inc.*, 480 F.2d 798 (5th Cir. 1973).

▮ Stephenson's assertion that the bank has waived its immunity from suit under Section 94 is based on the fact that after the bank filed its limited appearance under Rule 120a for the purpose of attacking the jurisdiction of the court, it sought a protective order from the court for the purpose of limiting the scope of a deposition initiated by Stephenson. By its motion the bank sought to restrict the questioning to issues relevant to its motion under Rule 120a.

The record also reflects this suit was instituted against the two trusts without naming the bank as a party. Upon learning of the suit the bank filed its pleading asserting that it was the trustee of the two trusts involved in the action, and claimed its right to be sued in the county of its residence.

Neither of these acts on the part of the bank evidences an intentional relinquishment of a known right or intentional conduct inconsistent with claiming it. The facts do not establish a waiver of the bank's rights under Section 94. *First National Bank of Midland v. Stoutco, Inc.*, 530

S.W.2d 619 (Tex.Civ.App.—San Antonio 1975, writ dism'd).

Other points of error are presented in appellant's brief, but in view of the conclusion we have reached they do not require discussion.

The judgment is affirmed.