AMERICAN SHIP & INDUSTRIAL CLEANING CORP., Appellant,

v.

Jerry Wayne PARRISH et al., Appellees.

No. B2225.

Court of Civil Appeals of Texas, Houston (14th Dist.).

Feb. 27, 1980.

245

F. B. Harvie, Jr., George W. Dana, Houston, for appellant.

Dick Flume, Flume & Flume, San Antonio, for appellees.

Before COULSON, SALAZAR and JUNELL, JJ.

JUNELL, Justice.

This is an appeal by American Ship & Industrial Cleaning Corp. (American Ship) from the trial court's refusal to temporarily enjoin a former employee from violating a covenant not to compete. We affirm.

American Ship employed appellee Jerry W. Parrish as a salesman in 1978 and 1979. Parrish's employment contract contained, among other covenants, an agreement that he would not divulge trade secrets or customer lists to competitors. It further provided that for a period of three years from the date of Parrish's termination for whatever reason he refrain from engaging in any competitive business on the Gulf Coast, East Coast, in Oregon and Washington. The contract is silent regarding Parrish's compensation, but the record contains Parrish's uncontradicted testimony of an agreed schedule of commission and draw which was practiced. He testified that it was an oral agreement with Riley Abner, president and sole owner of his employer. Parrish stated that Abner told him his pay was being cut. Also, Parrish was not paid his earned commissions. Parrish then left American Ship and went to work for Oil & Marine Maintenance Company, a competitor. American Ship brought this action for an injunction to enforce the noncompete clause in Parrish's contract. The trial court made Findings of Fact and Conclusions of Law against American Ship and refused to grant the temporary injunction. The court held, among other things, that American Ship

had failed to pay Parrish according to the terms of his employment contract, that it had thereby materially breached its agreement with Parrish and thus, was not entitled to enforce the contract against him.

■ The law is clear that a party who wrongfully breaches a contract provision favorable to another cannot secure, by injunction, the enforcement of another contract provision favorable to it. *Langdon v. Progress Laundry & Cleaning Co.,* 105 S.W.2d 346 (Tex.Civ.App.-Dallas 1937, writ ref'd), and cases cited therein. Courts have extended this rule to include oral agreements incident to employment contracts representing a course of conduct between the parties. In *Vaughan v. Kizer,* 400 S.W.2d 586 (Tex.Civ.App.-Waco 1966, writ ref'd n. r. e.), the employees' expense account, which was not described as part of the employment contract, was cut without their knowledge or consent. The court held this to be sufficiently wrongful conduct to preclude the employer from obtaining injunctive relief against the former employees.

■ Thus, because of Parrish's uncontroverted testimony of American Ship's breach of the compensation agreement, the trial court did not err in refusing to enforce the contract in favor of the former employer. Appellant's point is overruled.

Affirmed.