The FIRST NATIONAL BANK OF
MARSHALL, Texas, Appellant,

v.

KILGORE FIRST NATIONAL
BANK, Appellee.

No. 8962.

Court of Appeals of Texas,
Texarkana.

Nov. 4, 1981.

Jason R. Searcy, Abney & Baldwin, Marshall, for appellant.

Roy N. Hearne, Bean, Ford, Schleier, Hearne & Schleier, P. C., Kilgore, for appellee.

HUTCHINSON, Justice.

Appellant, First National Bank of Marshall, has perfected this appeal from an order granting the plea of privilege of appellee, Kilgore First National Bank, in ap-

pellant's suit to recover damages for the alleged conversion by appellee of personal property upon which it had a superior claim.

Appellant and appellee are each national banks, appellant being located in Harrison County, Texas, and appellee being located in Gregg County, Texas. The question here presented is whether or not the appellee had waived its mandatory right under Venue of Suits, 12 U.S.C. § 94 (1945)[1] to be sued in Gregg County.

On or about September 11, 1979, M. F. Leathers, a resident of Harrison County, executed a security agreement in favor of appellant to secure the payment of his obligations to appellant including a promissory note in the principal sum of $90,000.00. On September 13, 1979, appellant filed a Uniform Commercial Code financing statement in Harrison County giving notice of its security interest in 1700 head of hogs located on property in Harrison County and owned by Leathers.

On or about January 29, 1980, appellee filed a Uniform Commercial Code financing statement in Harrison County covering certain hogs located in Harrison County and owned by Leathers in an attempt to perfect a security agreement dated January 5, 1980, between it and Leathers.

On some unspecified date after September 11, 1979, and prior to December 9, 1980, appellee in Harrison County took possession of the personal property subject to the two security interests and removed the property from Harrison County.

Thereafter this suit was filed in the District Court of Harrison County and upon the sustaining of the plea of privilege was ordered to be transferred to the District Court of Gregg County. This is the appeal from that transfer order.

Appellant by its one point of error here asserts that appellee had waived its venue privileges under Venue of Suits, 12 U.S.C.

§ 94 (1945) and that venue was maintainable in Harrison County by reason of Tex. Rev.Civ.Stat.Ann. art. 1995, subd. 9 (1964). In doing so appellant readily concedes that the provisions of the federal statute are mandatory and override any conflicting state venue statutes, *Mercantile National Bank v. Langdeau*, 371 U.S. 555, 83 S.Ct. 520, 9 L.Ed.2d 523 (1963), and contends under the authority of *Michigan Nat. Bank v. Robertson*, 372 U.S. 591, 83 S.Ct. 914, 9 L.Ed.2d 961 (1963) that a national bank may, as appellee did, waive the benefits of the statute.

There are two well established exceptions to the rule that a national bank can insist on its right to be sued in the state and county in which the association is located. These exceptions are: 1) if the bank consents to be sued in a county other than the county of its location or otherwise waives its right to be sued only in its home county; 2) if the action asserted is purely a local in rem action, rather than a transitory action, it may be brought in a county other than the county in which the bank is located. *Casey v. Adams*, 102 U.S. 66, 26 L.Ed. 52 (1880); *Stephenson v. Walker*, 593 S.W.2d 846 (Tex.Civ.App.—Houston (1st Dist.) 1980, no writ); *Robertson v. Union Planters Nat. Bank, Etc.*, 561 S.W.2d 901 (Tex.Civ.App.—El Paso 1978, writ ref. n. r. e.); *Houston National Bank v. Farris*, 549 S.W.2d 420 (Tex.Civ.App.—Waco 1977, writ dism'd). It should be here noted however, that merely doing business outside of the home county does not within itself constitute a waiver of the privilege afforded by the statute, *Stephenson v. Walker*, supra, and that a waiver requires an intentional relinquishment of a known right or intentional conduct inconsistent with that right and that an action for money damages for conversion of personal property is transitory. *Rivera v. Austin Nat. Bank*, 547 S.W.2d 735 (Tex.Civ.App.—Corpus Christi 1977, no writ).

1. 12 U.S.C. § 94 Venue of suits

"Actions and proceedings against any association under this chapter may be had in any district or Territorial court of the United States held within the district in which such association may be established, or in any State, county, or municipal court in the county or city in which said association is located having jurisdiction in similar cases."

Appellee did not file a proceeding in the courts of Harrison County and the fact that it used self-help in Harrison County in obtaining possession of the personal property does not establish a waiver or relinquishment of its venue right. *Robertson v. Union Planters Nat. Bank, Etc.,* supra; *First Nat. Bank of Midland v. Stoutco, Inc.,* 530 S.W.2d 619 (Tex.Civ.App.—San Antonio 1975, writ dism'd).

The order granting the plea of privilege is affirmed.