Norman CAWSE–MORGAN and Wife Claire Cawse-Morgan, d/b/a Snelling & Snelling Employment Services, Appellants,

v.

Shirey L. MURRAY, a/k/a Ann Wilson and a/k/a Ann Wilson Personnel Service, Appellee.

No. 2228cv.

Court of Appeals of Texas, Corpus Christi.

April 22, 1982.

F. Edward Barker, Corpus Christi, for appellants.

Richard W. Crews, Jr., Corpus Christi, for appellee.

Before NYE, C. J., and BISSETT and GONZALEZ, JJ.

## OPINION

GONZALEZ, Justice.

This is an appeal from a denial of a temporary injunction. Norman Cawse-Morgan and wife Claire Cawse-Morgan, d/b/a Snelling and Snelling Employment Services as plaintiffs, filed suit against Shirey L. Murray to enforce a non-competition covenant in Murray's employment contract.[1] The court denied the application for

---

1. The contract provides in pertinent part:
   "7. In the event of the termination of EMPLOYEE's employment for any reason whatsoever, EMPLOYEE shall not thereafter engage, either directly or indirectly, as principal or employee, alone or in association with others, in the personnel consulting and employment agency business either:

   (i) Within 30 miles from EMPLOYER's office, for a period of 1 year; or
   (ii) Within 25 miles of any other SNELLING office now or hereafter established by SNELLING, for a period of 1 year.
   8. In the event that EMPLOYEE shall break the provisions of Paragraph 7, the period of restriction against competition shall be

temporary injunction and plaintiffs appealed. We affirm.

The Cawse-Morgans' own the Corpus Christi office of Snelling & Snelling Employment Services. Shirey L. Murray was employed by Snelling & Snelling for approximately three years before her termination. During that time she became one of the leading producers. After termination, Ms. Murray obtained a license from the State of Texas required for operating a personnel consulting office. However, at the time of the hearing, Ms. Murray had not opened up an office nor had she obtained a telephone.

In four points of error, appellants allege: (1) that the trial court abused its discretion in denying the temporary injunction; (2) that the trial court erred in impliedly holding that the time and area specified in the non-competition portion of the contract was unreasonable; (3) that the trial court erred in its implied conclusion that Snelling & Snelling had failed to prove irreparable injury; and (4) that the trial court erred in its implied conclusion that the granting of the temporary injunction would result in hardship to Ms. Murray which outweighed the possible danger to Snelling & Snelling.

■ A trial court is vested with broad discretion in determining whether to issue, or not, a temporary injunction and its decision should not be disturbed on appeal unless the record discloses a clear abuse of discretion. *Davis v. Huey*, 571 S.W.2d 859 (Tex.1979). In reviewing the order denying the temporary injunction, we must draw all legitimate inferences from the evidence in the light most favorable to the trial court's judgment. *Diesel Injection Sale & Service, Inc. v. Renfro*, 619 S.W.2d 20 (Tex.Civ.App. —Corpus Christi 1981, writ ref'd, n. r. e.). In addition, in reviewing a trial court's judgment where findings of fact and conclusions of law are not filed, this Court will uphold the judgment on any legal theory supported by the evidence. *Seaman v. Seaman*, 425 S.W.2d 339 (Tex.1968); *Public Utilities Bd. v. Central Power & Light*, 587

S.W.2d 782 (Tex.Civ.App.—Corpus Christi 1979, writ ref'd n. r. e.).

■ In the present case, the employment contract contained a provision which limited Ms. Murray's activities to within "twenty-five miles of any other Snelling office now or hereafter established by Snelling for a period of one year." Appellant concedes, both in his brief and in oral argument that this provision is probably unreasonable. We agree and hold that the trial court could have properly denied appellant's request for a temporary injunction on the ground that the contract was void by reason of the fact that it was overbroad as to geographic area as specified in paragraph 7(ii) of the contract.

■ The contract also contains a provision which provides that the restrictive covenant not to compete will not commence to run until an injunction is issued. This provision is unenforceable and void as contrary to public policy. *Cardinal Personnel, Inc. v. Schneider*, 544 S.W.2d 845 (Tex.Civ.App.— Houston [14th Dist.] 1976, no writ). The trial court could have properly denied appellant's request for a temporary injunction for this reason.

■ In addition, testimony was presented by Shirey Murray to the effect that she was not paid her commission for three particular job placements that she made for Snelling. The employment contract between the parties provides that the employer should pay the employee at a rate of compensation to be agreed upon by the parties. Both Shirey Murray and Claire Cawse-Morgan acknowledged that while the contract did not specifically set forth the rate of compensation, there were policies developed through course of dealing for payment of commissions. The evidence presented could support a finding that Snelling materially breached its employment contract and thus was not entitled to enforce the contract against Shirey Murray. See *American Ship and Industrial Cleaning Corporation v.*

---

deemed to commence from the date EMPLOYEE is enjoined from so competing, or

ceases to so compete, whichever date is later."

*Parrish,* 596 S.W.2d 244 (Tex.Civ.App.— Houston [14th Dist.] 1980, no writ.).

We carefully reviewed all of appellants' points of error and they are overruled. The judgment of the trial court is affirmed.