**BAILEY EMPLOYMENT SERVICE, INC., Appellant,**

v.

**Lee MOORE, Individually and d/b/a Lee's Professional Employment Agency, Appellee.**

**No. 10–82–073–CV.**

Court of Appeals of Texas, Waco.

Aug. 26, 1982.

Rehearing Denied Sept. 23, 1982.

Bill Vannatta, Waco, for appellant.

Beverly Willis, Philip H. Jones, Naman, Howell, Smith & Lee, P.C., Waco, for appellee.

HALL, Justice.

Plaintiff Bailey Employment Service, Inc., filed this suit against defendant Lee Moore for temporary and permanent injunctions to enforce a non-competition agreement in an employment contract between the parties allegedly violated by defendant. The temporary injunction was denied, and plaintiff brought this appeal. We affirm the judgment.

■ Plaintiff requested the trial court to file findings of fact and conclusions of law, but none were filed. In appeals from interlocutory orders, the court is not required to file findings and conclusions, even if formally requested. Rule 385(b), Vernon's Tex.Rules Civ.Proc.; *Rivera v. Austin National Bank,* 547 S.W.2d 735, 738 (Tex.Civ. App.—Corpus Christi 1977); *Seguin Milling Company v. Reed Grain Company,* 278 S.W.2d 330, 331–332 (Tex.Civ.App.—San Antonio 1955, no writ).

The evidence at the hearing on the temporary injunction established that plaintiff is in the business of servicing employment placement applications, and that its principal place of business is in the City of Waco, McLennan County, Texas. Plaintiff employed defendant as a placement counselor on March 7, 1977. Defendant's duties as a counselor entailed contacting companies for job orders, developing job opportunities for employment applicants, and matching the applicants' skills with the jobs. Plaintiff received a fee on the placements effected by defendant, and defendant received a commission on the fees plus a base salary. In connection with defendant's employment with plaintiff, both parties executed an employment contract on January 2, 1980. This contract contained an agreement by defendant that upon termination of her employment she would not compete with plaintiff in the employment service business within the boundaries of McLennan County for a period of one and one-half years. Defend-

ant terminated her employment with plaintiff on April 10, 1981, and opened an employment service business in the City of Temple, Bell County, Texas. However, the undisputed testimony, given by defendant, established that on April 1, 1982, she moved her business office to the City of Waco; that she has operated it ever since in direct competition with plaintiff; and that she has diverted several of plaintiff's company customers to her services.

The employment contract between defendant and plaintiff also contained these provisions:

> 3.04. The Employee further acknowledges that Employer has explained that occasionally fee contracts are negotiated to a local bank on a discount basis. The contracts which are negotiated or sold to a local bank are so negotiated "with recourse" to the Employer. The Employee agrees that the Employer may withhold _ten_ percent (_10 %_) of the Employee's commission on the fee actually collected by the Employer from the local banks on such fee contracts which are sold to the local banks "with recourse" on the Employer. The percentage of the fee withheld from the Employee's commission will be placed in an interest bearing escrow account for the Employee in order to cover any event of default by the maker of the recourse note.

> 3.05. In the event of default, the Employer has the right to withdraw from the Employee's interest bearing escrow account, the amount of money necessary to cover the Employee's part of the default note, based upon the same percentage of commission as the Employee was paid plus an additional amount necessary to cover the Employee's part of the interest charged back to the Employer by the bank.

Defendant testified that under these provisions plaintiff would have been properly entitled to withhold the total sum of $1,980.00 for the escrow account from her fee commissions during 1980 and 1981, but that during those years plaintiff actually

withheld the sum of $6,000.00. Plaintiff's president, testifying after defendant, did not deny nor offer any explanation for this violation of the contract by plaintiff.

Trial courts are endowed with broad discretion in the granting or not of a temporary injunction, and the narrow question before us is whether the action of the court in refusing to grant the writ in question constituted a clear abuse of discretion. *Janus Films, Inc. v. City of Fort Worth*, 163 Tex. 616, 358 S.W.2d 589 (1962). We have no discretion in the matter, and unless the record shows plaintiff was entitled to the writ as a matter of law the judgment must be affirmed. *National Chemsearch Corporation v. Frazier*, 488 S.W.2d 545, 547 (Tex. Civ.App.—Waco 1973, no writ).

Plaintiff asserts in its first two points of error that it was entitled to the temporary injunction as a matter of law under the undisputed evidence of defendant's violation of the non-competition agreement and probable injury to plaintiff. We disagree.

It is well settled that under the doctrine of "clean hands" a former employer cannot enforce a covenant not to compete in a contract of employment by temporary injunction where it has materially breached the contract. *Langdon v. Progress Laundry & Cleaning Co.*, 105 S.W.2d 346, 347 (Tex.Civ.App.—Dallas 1937, writ ref'd); *Cawse-Morgan v. Murray*, 633 S.W.2d 348, 350 (Tex.App.—Corpus Christi 1982, no writ); *American Ship & Industrial Cleaning Corp. v. Parrish*, 596 S.W.2d 244, 245 (Tex.Civ.App.—Houston [14th Dist.] 1980, no writ); *SCM Corporation v. Triplett Company*, 399 S.W.2d 583, 586 (Tex.Civ. App.—San Antonio 1966, no writ). Under this rule, the order denying the temporary injunction in our case is supported by an implied finding on the evidence that during a period of fifteen months in 1980 and 1981 plaintiff materially violated the employment contract sued upon by withholding fee commissions due defendant in the approximate sum of $4,000.00 for the purpose of offsetting plaintiff's prospective losses on its applicants' bank notes.

During the course of the present proceeding, defendant's counsel requested the court to judicially notice a prior trial between these parties on the same contract based upon another violation by defendant which ended with jury findings favorable to defendant. Over plaintiff's objection, the court stated "I'll take notice of the previous proceeding in this court and the jury findings in connection with it." Plaintiff assigns error to this ruling in its final point of error, arguing that the court "could not take cognizance of the evidence presented on the trial of a former suit, even between the same parties, and render a judgment in this case based thereon." Plaintiff's argument is correct, but the record does not show that the trial judge considered evidence in the other case when rendering judgment in this case. Presumably, he did not. *Victory v. State*, 138 Tex. 285, 158 S.W.2d 760, 765 (1942). "It is presumed that every judge who has heard improper evidence is able to and does in fact disregard same when rendering his judgment." *Graham v. Graham*, 584 S.W.2d 938, 941 (Tex.Civ.App.—Waco 1979, no writ).

The judgment is affirmed.